## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

KARINA RUIZ ALVAREZ,
KARLA GONZALEZ VELEZ,
GABRIELA MOCTEZUMA CASTILLO, and
AMELIA COLON CHAIREZ,
on their own behalf
and on behalf of all others similarly situated,

Plaintiff,

v.

TELLURIDE RESORT PARTNERS, LLC
d/b/a MADELINE HOTEL & RESIDENCES,
MOUNTAIN PREMIER CLEANING SERVICES, L.L.C., and
ADRIANA SANTA ANA

Defendants.

---

### CLASS ACTION COMPLAINT FOR UNPAID WAGES

---

This case arises from Defendants' employment of the named Plaintiffs and other Mexican guestworkers to perform housekeeping labor at the Madeline Hotel & Residences for sub-minimum wages. When they complained, Plaintiffs Karla Gonzalez Velez and Amelia Colon Chairez suffered severe and unlawful retaliation. By and through their undersigned counsel, the Plaintiffs file this Class Action Complaint for Unpaid Wages on their own behalf and on behalf of all others similarly situated.

**STATEMENT OF THE CASE**

1.      Plaintiffs and those similarly situated ("others") are or were formerly employed by Defendants to work as housekeepers at the Madeline Hotel and Residences located at 568 Mountain Village Blvd, Telluride, Colorado 81435.

2.      Plaintiffs and others are Mexican citizens that came to the United States on H-2B guestworker visas. 8 U.S.C. § 1101(a)(15)(H)(ii)(b).  The H-2B program allows U.S. employers who meet specific regulatory requirements to bring foreign nationals to the United States to fill temporary nonagricultural jobs.  29 C.F.R. § 503.16.

3.      Plaintiffs and others came to Colorado in the belief that Defendants would employ them full-time and that they would receive the pay and benefits promised in the work agreement ("agreement") they received prior to beginning their seasonal placement.

4.      Instead, Plaintiffs experienced poor working conditions, were subjected to threats of deportation, and had deductions taken from their pay that they were not notified of and never agreed to.

5.      In violation of visa program regulations and pertinent statutes, Defendants failed to reimburse the Plaintiffs and others for the cost of their H-2B visas associated visa processing fees and subsistence during the visa application process.

6.      In violation of visa program regulations and pertinent statutes, Defendants failed to reimburse the Plaintiffs and others for the cost of their travel between Mexico and their jobs in Telluride, Colorado and for subsistence associated with that travel.

7.      During their tenure cleaning Defendants' Telluride luxury hotel, Defendants did not pay the Plaintiffs and others required minimum wages for all hours worked.

8.      Defendants did not pay the Plaintiffs and others overtime premiums for all hours worked in excess of 40 hours in a workweek or of 12 hours in a workday.

9.      Defendants denied the Plaintiffs and others mandatory, compensated rest-breaks and failed to compensate them for the denial of those rest breaks.

10.     Plaintiffs and others were subjected to unlawful housing and transportation cost deductions from their wages.

11.     When Plaintiff Karla Gonzalez Velez complained about Defendants' failure to pay required overtime wages, Defendants MPC and Adriana Santa Ana retaliated against her, terminating her employment and evicting her from her employer-provided housing.

12.     Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana confiscated and retained possession of Plaintiff Karina Ruiz Alvarez's Social Security Card during her employment, refusing to return it to her even after her employment concluded.

13.     When Plaintiff Amelia Colon Chairez left her employment, Defendant Adriana Santa Ana and another agent of Defendant Mountain Premier Cleaning Services, LLC contacted her husband in Mexico, threatening that if she did not return to work, she and he both would be jailed.

14.     Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq*., the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et. seq.,* their contract with the Plaintiff H-2B Guestworkers, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.*

15.     Plaintiffs assert their Count I, II, III, IV, V and VIII claims for unpaid wages and breach of contract on behalf of themselves and of all others similarly situated.

16.     Plaintiffs asserts their Count VI, VII and Count VIII claims for unlawful retaliation, 29 U.S.C. § 215(a)(3) and violation of the Trafficking Victims Protection Act, 22 U.S.C. § 7101, *et seq.* against Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana only.

## PARTIES, JURISDICTION, AND VENUE

17.     At all material times, Plaintiffs and others were citizens of Mexico employed temporarily in Telluride, Colorado as guestworkers pursuant to the H-2B visa program.

18.     Plaintiffs and others were employed by Defendants at times between February 7, 2020 and the present. During their employment, they performed housekeeping work for Defendants in Colorado. Plaintiffs signed the FLSA Consent to Sue Forms, which are attached to this Complaint as Exhibit 1.

19.     Plaintiffs and others came to the United States on temporary H-2B visas. During times relevant to this lawsuit, Plaintiffs and others performed work for Defendants in and around Telluride, Colorado.

20.      Defendant Telluride Resort Partners, LLC (hereinafter "Madeline Hotel") is a Foreign Limited Liability Company organized under the laws of Delaware, which maintains a principal office address of 225 Bush Street, Suite 1800, San Francisco, California 94104. Telluride Resort Partners, LLC does business under the trade name Madeline Hotel & Residences, operating the luxury hotel and resort located at 568 Mountain Village Blvd, Telluride, Colorado 81435.

21.    Defendant Mountain Premier Cleaning Services, L.L.C. ("MPC") is a Limited

Liability Company with a principal office street address of 325 Coonskin Court, Telluride,

Colorado 81435.

22.    Defendant MPC was founded in 2006 and is registered in good standing to do

business in Colorado.

23.    Defendant Madeline Hotel contracted with Defendant MPC to supply the

Plaintiffs and other H-2B guestworkers they jointly employed to perform housekeeping work

at the Madeline Hotel and Residences.

24.    Defendant Adriana Santa Ana is a natural person who maintains a principal

address of 325 Coonskin Court, Telluride, CO. 81435.

25.    Defendant Santa Ana is the principal owner and manager of Defendant Mountain

Premier Cleaning Services, L.L.C. ("MPC").

26.    Defendant Santa Ana was a founding manager of MPC.

27.    Upon information and belief, Defendant Santa Ana owns a controlling interest in

MPC.

28.    Defendant Santa Ana signed pay checks that MPC issued to the Plaintiffs.

29.    Defendant Santa Ana was a joint employer of the Plaintiffs and others, during

their work at the Madeline Hotel.

30.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this

case arising under the laws of the United States. This action arises under the Fair Labor

Standards Act, 29 U.S.C. §§ 201 *et seq*. and the Trafficking Victims Protection Act 22 U.S.C.

§§ 7101 *et seq.*

31.     Plaintiffs request that this Court exercise its supplemental jurisdiction over their claims under the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq*., the Colorado Wage Claim Act, C.R.S. § 8-4-109 *et seq*., Colorado common law.

32.     Venue is proper pursuant to 28 U.SC. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

### Defendants jointly employed Plaintiffs

33.     Defendants jointly employed the Plaintiffs and other H-2B guestworkers brought to the United States by Defendant MPC (hereinafter "others") as housekeepers at the Madeline Hotel at times between February 7, 2020 and the present.

34.     Defendants employed the Plaintiffs and others within the State of Colorado.

35.     Plaintiffs and others performed labor for the benefit of Defendants where Defendants commanded when, where, and how much labor they were to perform.

36.     Plaintiffs handled cleaning supplies, chemicals, equipment, and other materials and tools necessary for their jobs which moved in interstate commerce.

37.     In 2020, 2021, 2022 and 2023 Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

38.     In 2020, 2021, 2022 and 2023 Defendant Madeline Hotel operated an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00.

39.     In 2020, 2021, 2022 and 2023 Defendant MPC operated an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00.

40.      In  2020, 2021, 2022 and 2023 Defendant MPC made sales to individuals and/or businesses not resident of the state of Colorado.

41.      Upon information and belief, in each year relevant to this action, Defendant MPC processed credit card sales using interstate mails, telephone or telecommunications networks.

42.      Defendants employed the Plaintiffs and others in interstate commerce.

43.      At all times relevant to this action, Defendant Madeline Hotel operated the luxury hotel and resort located at 568 Mountain Village Blvd, Telluride, Colorado 81435.

44.      The Defendants jointly controlled the employment of the Plaintiffs and others similarly situated at the Madeline Hotel.

45.      Defendants jointly determined the rate of pay for Plaintiffs and those similarly situated.

46.      Defendants jointly maintained employment records for Plaintiffs and others.

47.      Defendant Madeline Hotel had and exercised the power to create, manage and change the schedules of Plaintiffs and others. Plaintiff and others appeared on the same work schedule as employees hired directly by Defendant Madeline Hotel.

48.      Defendant Madeline Hotel assigned work to the Plaintiffs and others.

49.      Defendant Madeline Hotel supervised the Plaintiffs and others.

50.      Defendant Madeline Hotel possessed and exercised the power to discipline the members of the alleged class for poor performance, including through reassignment and/or termination.

51.      Defendant Madeline Hotel provided the Plaintiffs and others cleaning supplies, and other tools needed to perform their jobs.

52.    Defendant Madeline Hotel provided the Plaintiffs and others with uniforms bearing the Madeline Hotel insignia, which the Plaintiffs and others wore while performing their work for Defendants.

53.    Defendant Madeline Hotel held the Plaintiffs and others out to customers as working for Madeline Hotel.

54.    Defendant Madeline Hotel trained the Plaintiffs and others and gave them daily instructions regarding how to carry out their work tasks.

55.    Defendant Madeline Hotel's staff provided instructions that superseded or overrode the instructions given to Plaintiffs and others by Defendant MPC.

56.    Plaintiffs and others cleaned the same areas, utilized the same tools and supplies, and wore the same uniforms as cleaners employed directly by the Madeline Hotel.

57.    Defendant Madeline Hotel was aware of the overtime payment policies challenged in this case.

58.    Agents of Defendant Madeline Hotel received and adjusted complaints concerning underpayment made to them by the Plaintiffs and the other members of the alleged class.

59.    Defendant Madeline Hotel possessed and exercised the power to determine overtime payment policy governing the Plaintiffs' work at the Madeline Hotel.

60.    Upon information and belief, Defendant Madeline Hotel obtained and possessed insurance covering the Plaintiffs and others during their work at the Madeline Hotel.

61.    Defendant MPC sponsored the H2B guestworker visas enabling the Plaintiffs and others to work at the Madeline Hotel.

62.     Defendant MPC issued paychecks to the Plaintiffs and others for their work at the

Madeline Hotel.

63.     Defendant MPC hired the Plaintiffs and others.

64.     Defendant Santa Ana regularly interacted with the Plaintiffs and others on behalf

of MPC.

65.     Defendant Santa Ana possessed and exercised the power to discipline the

members of the alleged class for poor performance, including through reassignment and/or

termination.

**Failure to Pay Minimum and Overtime Wages**

66.     Defendants failed to pay the Plaintiffs and others required minimum and overtime

wages for all hours worked. These violations occurred for several reasons.

67.     Throughout their employment, Plaintiffs and others regularly worked a weekly

schedule in excess of forty hours per week for Defendants.

68.     Though Plaintiffs and others regularly worked more than forty hours each

workweek, Defendants failed to pay overtime premiums for all overtime hours they worked.

69.     For example, in the biweekly pay period running from December 16, 2021

through December 31, 2021, Plaintiff Karina Ruiz Alvarez worked one hundred eleven (111)

hours for Defendants.  She was paid for all hours at her straight time rate. She was not paid

overtime premiums.

70.     For example, in the biweekly pay period running from December 1, 2021 through

December 15, 2021, Plaintiff Karla Gonzalez Velez worked over 109 hours for Defendants.

She was paid for all hours at her straight time rate. She was not paid overtime premiums.

71.    Defendants failed to pay the Plaintiffs and others the required minimum wage for all hours worked.

72.    When Defendants failed to reimburse the Plaintiffs and others for visa fees and travel expenses they incurred to get to the job, they took a functional deduction from gross wages paid, thereby dropping the earnings of the Plaintiffs and others below required minimum hourly rates.

73.    When Defendant MPC took unlawful housing deductions from Plaintiffs' and others' wages, they dropped the earnings of the Plaintiffs and others below required minimum hourly rates.

74.    When Defendant MPC took unlawful transportation deductions from Plaintiffs' and others' wages, they dropped the earnings of the Plaintiffs and others below required minimum hourly rates.

75.    When Defendants failed to compensate the Plaintiffs and others for compensable travel time, they failed to pay them the required minimum rate for all hours worked.

76.     When Defendants failed to compensate the Plaintiffs and others for time spent engaged to wait for work assignments, they failed to pay them the required minimum rate for all hours worked.

**Failure to Provide Mandatory Compensated Rest Breaks**

77.    Plaintiffs and others routinely worked shifts in excess of four hours for Defendants.

78.    Defendants regularly failed to provide the Plaintiffs and others required, compensated and duty-free rest breaks of ten minutes for each four hours of work.

79.    Defendants did not supplement the pay given to the Plaintiffs or others for denial of required, compensated and duty-free rest breaks.

80.    When the Plaintiffs and others were required to work through their ten-minute rest periods, their shifts were effectively extended by ten minutes for each four hours of duration.

81.    Defendants' failure to authorize and permit required, compensated, and duty-free rest periods was a failure to compensate the Plaintiffs and others similarly situated.

**Breach of H-2B Employment Contract**

82.    Defendant MPC entered into an employment contract with the Plaintiffs and others when they hired them through the H-2B visa program.

83.    By participating in the H-2B visa program, Defendant MPC agreed as part of their Application for Temporary Employment Certification that it would abide by the conditions of the H-2B employment contract ("the contract").   29 C.F.R. § 503.16.

84.    The contract guarantees rates of pay, limits deductions from pay, mandates the frequency of pay, regulates transportation and visa fees, and requires compliance with federal, state and local law. *Id.*

85.    H-2B workers must be provided or reimbursed for all visa, border-crossing, and visa-related fees in their first workweek of employment. 29 C.F.R. § 503.16(j).

86.    H-2B workers have the right to be provided or, upon completion of fifty percent of the job order period, reimbursed for reasonable costs incurred for transportation and subsistence  (including lodging incurred on the employer's behalf and meals) from the worker's home to the place of employment. *Id.*

87.     H-2B workers have the right upon completion of the job order or if dismissed early for any reason, to be provided or paid for return transportation and subsistence during return travel to their home country.  *Id.*

88.     An employer may not make an unauthorized deduction that will reduce an H-2B worker's wage payment below the minimum amount required by the offered wage.  29 C.F.R. § 503.16(c).

89.     An employer must "offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays in each 12-week period".  29 C.F.R. § 503.16(f).

90.     Defendant MPC failed to pay Plaintiffs and others the offered wage by making unlawful housing deductions, unauthorized transportation deductions, and by failing to reimburse workers for visa fees and other out-of-pocket travel expenses.

91.     Defendant MPC failed to pay Plaintiffs and others the required minimum and overtime wage rates for all hours worked.

92.     Defendant MPC failed to offer some Plaintiffs and others "a total number of work hours equal to at least three-fourths of the workdays in each 12-week period".  29 C.F.R. § 503.16(f).

93.     For example, during the summer of 2022, Defendant MPC failed to offer Plaintiff Amelia Colon Chairez "a total number of work hours equal to at least three-fourths of the workdays in each 12-week period".  29 C.F.R. § 503.16(f).

94.     For example, during the summer of 2022, Defendant MPC failed to offer Plaintiff Gabriela Moctezuma Castillo "a total number of work hours equal to at least three-fourths of the workdays in each 12-week period".  29 C.F.R. § 503.16(f).

12

95.    These failures to compensate Plaintiffs and others constitute breaches of MPC's H-2B employment contract with them.

96.    The guarantees of the H-2B guestworker contract defined "the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time" of the Plaintiffs' and others' separation from employment.  C.R.S. § 8-4-109(1).

**Retaliatory Discharge in Response to Demanding Overtime Wages**

97.    In early February 2022, Plaintiff Karla Gonzalez Velez, along with several other workers went to speak to their manager, employed by the Madeline Hotel, to ask why they were not being paid overtime wages.

98.    This manager informed the workers that they should be paid overtime wages for all work performed in excess of forty hours per workweek or twelve hours per workday.

99.    Shortly after Plaintiff Karla Gonzalez Velez and others complained to Madeline Hotel management that they were not being paid overtime wages for their work, the Madeline Hotel exercised its authority to require the payment of overtime wages going forward. Madeline Hotel did not exercise its authority to secure the retroactive payment of overtime wages nor liquidated damages to the workers for work already performed.

100.    Plaintiff Karla Gonzalez Velez and others confronted Defendants MPC and Adriana Santa Ana about the failure to pay her and the other H-2B workers overtime wages.

101.    Defendants MPC and Adriana Santa Ana told Plaintiff Karla Gonzalez Velez and others that the money was needed for the company (referring to Mountain Premier Cleaning Services, L.L.C.) and that they would not "be brought back next time" if they continued to push for payment of overtime wages.

102.    Approximately nine days later, on or around February 11, 2022, Defendants MPC and Adriana Santa Ana discharged Plaintiff Gonzalez Velez in retaliation for demanding her overtime wages.

103.    In addition to discharging Plaintiff Karla Gonzalez Velez from her job placement, Defendants MPC and Adriana Santa Ana also unlawfully removed her from her employer-provided housing immediately and without due process.

104.    Left homeless in the Telluride winter over 1,500 miles from her permanent residence, Plaintiff Gonzalez Velez was forced to sleep in her partner's vehicle for three nights while they found new housing.

105.    As a result of this retaliatory discharge and unlawful self-help eviction, Plaintiff Gonzalez Velez suffered lost wages and significant damages.

106.    This retaliatory discharge and unlawful self-help eviction violated the H-2B guestworker contract's prohibition of discrimination and unfair treatment of those who assert protected rights on behalf of themselves and/or others.  29 C.F.R. § 503.16(n).

### Failure to Provide Public Health Emergency Leave

107.    In early December 2021, Plaintiff Karina Ruiz Alvarez began feeling ill and decided to get tested for COVID-19.

108.    Because Plaintiff Ruiz Alvarez was exhibiting symptoms of being ill, she was suspended and not allowed to come to work by her supervisor at the Madeline Hotel.

109.    Plaintiff Karina Ruiz Alvarez served her suspension from work from approximately December 14, 2021, through approximately December 22, 2021, and was not paid for work hours missed during that time period.

110.     Defendants failed to provide Plaintiff Karina Ruiz Alvarez with her paid public
health emergency leave.

111.     Defendants were Plaintiff Ruiz Alvarez's "employer" as the term is defined in the
Colorado Healthy Families and Workplaces Act ("HFWA"). C.R.S. § 8-13.3-402(5)(a).

112.     Defendants "employed" Plaintiff Ruiz Alvarez within the meaning of the
Colorado HFWA.

113.     Plaintiff Ruiz Alvarez was an "employee" of Defendants as the term is defined in
the Colorado HFWA. C.R.S. § 8-13.3-402(4).

114.     At all material times, the COVID-19 pandemic was a "public health emergency"
within the meaning of the Colorado HFWA. C.R.S. § 8-13.3-402(9).

115.     Under the Colorado Healthy Families and Workplaces Act ("HFWA"), Plaintiff
Ruiz Alvarez was entitled to eighty hours of paid public health emergency leave because she
was experiencing COVID-19 symptoms and was seeking a medical diagnosis. C.R.S. § 8-
13.3-402.

116.     Defendants violated the HFWA by denying Plaintiff Ruiz Alvarez "paid sick
leave" as defined in the Colorado HFWA. C.R.S. § 8-13.3-402(8)(a)(I).

117.     By denying paid sick leave, Defendants failed to pay "wages" to Plaintiff Ruiz
Alvarez as defined in the Colorado HFWA. C.R.S. § 8-13.3-402(8)(b).

118.     Defendant's failure to provide Plaintiff Karina Ruiz Alvarez with her paid public
health emergency leave violated the H-2B contract's requirement that Defendants "must
comply with all applicable Federal, State and local employment-related laws and regulations,
including health and safety laws." 29 C.F.R. § 503.16(z).

119.    The paid sick leave of which Plaintiff Karina Ruiz Alvarez was deprived is a component of "the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of" her separation from employment.  C.R.S. §§ 8-4-109(1); 8-13.3-402(8)(b).

### Confiscation of Government Identification Document

120.    Foreign workers that come to the United States on a H-2B temporary visa are eligible to apply for a United States Social Security number with valid H-2B authorization.

121.    H-2B employers are responsible for assisting workers in obtaining Social Security cards upon their arrival in the United States for their job placement.

122.    While other H-2B employees that worked at the Madeline Hotel received their Social Security cards upon arrival or by January 2022, Plaintiff Karina Ruiz Alvarez did not receive her card from Defendant MPC.

123.    When Plaintiff Ruiz Alvarez asked Defendant MPC for her Social Security card, she was told that it was "not yet ready."

124.    By not providing Plaintiff Ruiz Alvarez with her Social Security card upon arrival or at any time before the end of her term of employment, Defendants MPC and Santa Ana effectively confiscated Plaintiff Ruiz Alvarez's government identification document.

125.    Upon information and belief, Defendants MPC and Santa Ana continue to possess Plaintiff Ruiz Alvarez's Social Security card.

126.    Defendants' MPC and Santa Ana's actions violated the H-2B contract's required "compliance with 18 U.S.C. 1592(a), with respect to prohibitions against employers, the employer's agents or their attorneys knowingly holding, destroying or confiscating workers' passports, visas, or other immigration documents."  29 C.F.R. § 503.16(z).

**Attempted Forced Labor**

127.    Plaintiff Amelia Colon Chairez was employed by Defendants between November of 2021 and August of 2022.

128.    Shortly after Plaintiff Colon Chairez left her employment, Defendant Adriana Santa Ana and another agent of Defendant Mountain Premier Cleaning Services, LLC contacted her husband in Mexico, threatening that if she did not return to work, she and he both would be jailed.

129.    This threatened abuse of the legal process inflicted terror and trauma on Plaintiff Colon Chairez and her family.

130.    Plaintiff Colon Chairez did not return to work for any Defendant following receipt of those threats.

**Plaintiffs and Others Were Victims of Forced Labor**

131.    Prior to their traveling to the United States for their work placements, Defendants MPC and Adriana Santa Ana provided the Plaintiffs and others with an agreement that set forth the conditions of employment, including the place, time, task description, wage rates, and housing and transportation benefits.

132.    Plaintiffs and others relied on these representations in deciding to work as housekeepers for Defendants in the United States.

133.    Defendants MPC and Adriana Santa Ana made these representations with the sole purpose of inducing Plaintiffs and others to work for them.

134.    In the agreement, Defendants MPC and Adriana Santa Ana were to provide overtime, paid at rate of time and a half per hour worked beyond forty hours each week.

135.     Defendants MPC and Adriana Santa Ana failed to pay overtime premiums for all
overtime hours Plaintiffs and others worked.

136.     In the agreement, Defendants MPC and Adriana Santa Ana were to reimburse
Plaintiffs and others for the costs they incurred for transportation and subsistence from the
place from which they came to work for Defendants.

137.     Defendants MPC and Adriana Santa Ana failed to reimburse Plaintiffs and others
for these transportation and subsistence costs.

138.     In the agreement, Defendants MPC and Adriana Santa Ana guaranteed
employment for a total number of work hours equal to at least three-fourths of the workdays
of each 12-week period.

139.     Defendants MPC and Adriana Santa Ana failed to offer some Plaintiffs and others
a total number of work hours equal to at least three-fourths of the workdays in each 12-week
period. As a result, this caused severe hardship for Plaintiffs and others, as they received less
in compensation than anticipated and were not able to save or send money back to their
families in Mexico.

140.     Plaintiffs and others had to take employer-provided transportation to their
workplace and each paid between $10-$15 a day to do so. This additional cost was not
disclosed in the agreement provided prior to commencing employment.

141.     Plaintiffs and others were not made aware that the employer-provided housing
was two hours away from their workplace.

142.     Because of this, Plaintiffs and others had no choice but to take the employer-
provided transportation to work every workday, even if their shift was not to start for several
hours after arrival.

143.    Because of this, Plaintiffs and others were obligated to wait on or around the hotel premises waiting for their shift to begin, and were not compensated for this wait time, which often lasted up to 4 hours.

144.    Due to their low wages and because of the unlawful deductions they were subjected to, including high daily transportation costs, Plaintiffs and others often went hungry while waiting for their shifts to begin.

145.    Defendants MPC and Adriana Santa Ana failed to provide compensation or subsistence for Plaintiffs or others while they waited to begin working.

146.    Defendants MPC and Adriana Santa Ana also created a working environment that led Plaintiffs and others to believe that if they did not continue working for Defendants without complaint, they would be terminated and forced to return to Mexico, or would not be brought back for an additional season.

147.    For example, Defendants MPC and Adriana Santa Ana discharged and removed Plaintiff Gonzalez Velez from her employer-sponsored housing for inquiring about the overtime pay Plaintiffs and others were rightfully owed.

148.    On another occasion, after Plaintiffs and others had raised concerns about discrepancies in pay, Defendants MPC and Adriana Santa Ana informed them that if they continued to share information about their paychecks with each other, they would be sent back to Mexico or not brought back for an additional season.

149.    As witnesses to these events, Plaintiffs and others reasonably feared the consequences of speaking out against the labor abuses they endured at the hands of Defendants MPC and Adriana Santa Ana.

150.    Defendants MPC and Adriana Santa Ana therefore obtained Plaintiffs' and others'

labor and services by threats of serious harm and threats of abuse of law or legal process.

## COLLECTIVE ACTION ALLEGATIONS

151.    The Named Plaintiffs bring their Count I claims under the Fair Labor Standards

Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on

behalf of all similarly situated current and former employees. Pending any modifications

necessitated by discovery, Plaintiffs preliminarily define this "216(b) Class" as follows:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B
> guestworker visas acquired by Mountain Premier Cleaning, LLC between February
> 7, 2020 and the present.

152.    The relevant time period dates back three years from the date on which this

Complaint was filed because the FLSA provides a three-year statute of limitations for claims

of willful violations brought under the Act. 29 U.S.C. § 255(a).

153.    All potential 216(b) Class Members are similarly situated because they worked for

Defendants subject to common policies and practices which denied workers required

minimum and overtime wages.

## RULE 23 CLASS ALLEGATIONS

154.    The Named Plaintiffs bring their Count II, III, IV, V and VIII claims under the

Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R.

1103-1, the Colorado Minimum Wage Act ("CMWA"), C.R.S. § 8-6-101, *et. seq.,* under their

H-2B guestworker contract, under the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-

101 *et. seq.*, and under the Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7101 *et*

*seq.* on behalf of themselves and on behalf of similarly situated current and former

employees, pursuant to Fed.R.Civ.P. 23(b)(3).

20

155.    Pending any modifications necessitated by discovery, Plaintiffs preliminarily

define the "Rule 23 Class" as follows:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

156.    Because common questions of law and fact predominate, class status is the

superior method of handling this case. Fed.R.Civ.P. 23(b)(3). Plaintiffs are not aware of any

litigation concerning the controversy that has already begun, there is a desirability of

concentrating the litigation in this forum, there has been no interest expressed by class

members in individually controlling the prosecution of this action, and there are no likely

difficulties in managing a class action.

157.    While the exact number of the members of the alleged class is unknown to

Plaintiffs at this time, and can only be ascertained though appropriate discovery, Plaintiffs

believe that there are approximately 50 individuals in each alleged class. It is also difficult to

ascertain the exact number of class members because of the vulnerable position of many of

the individuals affected. This class is composed of H-2B immigrant workers, who have been

threatened constantly with retaliation, in the form of being sent back to their home country or

not being asked to come back for a future contract if they attempt to assert their employment

rights or demand fair treatment. Therefore, while this class may be small, it is important that

these workers be able to use class status as a vehicle to vindicate their rights as H-2B workers.

158.    A class action is superior to other available methods for the fair and efficient

adjudication of this controversy because numerous identical lawsuits alleging similar or

identical causes of action would not serve the interests of judicial economy. This is especially

true in the case of low-wage, hourly, H-2B guestworkers, like the class members here, who

are unfamiliar with the U.S. legal system, are unlikely to seek legal representation, cannot realistically navigate the courts pro se, and whose small claims make it difficult to retain legal representation.

159.    Common questions of law and fact exist as to the class which predominate over any questions affecting class members individually and include, but are not limited to the following:

a.    Whether the Defendants jointly employed the Plaintiff class;

b.    Whether Defendants were subject to the overtime requirements of the COMPS Order;

c.    Whether Defendants failed to pay overtime premiums for hours worked in excess of 40 in a week;

d.    Whether Defendants failed to pay overtime premiums for hours worked in excess of 12 in a day;

e.    Whether Defendants failed to provide mandatory, duty-free, compensated rest breaks;

f.    Whether Defendants failed to make required payments to class members for required rest breaks they were denied;

g.    Whether Defendants' violations of the COMPS Order and predecessor Wage Orders constituted violations of the Colorado Minimum Wage Act;

h.    Whether Defendants' failure to pay all wages owed to Plaintiffs and others upon separation from employment constituted a violation of the Colorado Wage Claim Act;

    i.   Whether Defendant MPC breached the H-2B employment contract entered into with Plaintiff and others;

    j.   Whether Defendant MPC's breach of the H-2B employment contract entered into with Plaintiffs and others constituted a violation of Colorado common law;

    k.   Whether Defendants obtained labor and services from Plaintiffs and the proposed class by means of threats of serious harm and threats of abuse of law or legal process; and

    l.   The nature and extent of damages.

160.    The class claims asserted by Plaintiffs are typical because Plaintiffs experienced the same or similar working conditions and pay practices as the other H-2B guestworkers.

161.    Plaintiffs will fairly and adequately protect and represent the interests of the class. Plaintiffs were Defendants' employees and were victims of the same violations of law as the other class members.

162.    Plaintiffs are represented by counsel experienced in litigation on behalf of low-wage and foreign workers.

163.    The prosecution of separate actions by the individual potential class members would create a risk of inconsistent or varying adjudications with respect to individual potential class members that would establish incompatible standards for Defendants.

164.    The contours of the alleged classes will be easily defined by reference to payroll documents that the Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 7 CCR 1102-1 (2020) at 7.1. Notice will be easily distributed because all members of the

putative classes are or were recently employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## CLAIMS FOR RELIEF

### COUNT I – Failure to Pay Minimum and Overtime Wages
### Violation of the Fair Labor Standards Act, 29 U.S.C. § § 201 *et. seq.*

165.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-76 and 151-153 above as if fully set forth herein.

166.    The Named Plaintiffs assert this claim against all Defendants.

167.    The Named Plaintiffs assert this Count on their own behalf and on behalf of all others similarly situated ("others").  29 U.S.C. § 216(b). Plaintiffs preliminarily define the putative § 216(b) class as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

168.    The Plaintiffs and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

169.    The Defendants "employed" the Plaintiffs and others as that term is defined by the FLSA. 29 U.S.C. §203(g).

170.    The Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

171.    Defendants employed the Plaintiffs and others in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

172.    Defendants violated the FLSA when they failed to pay the Plaintiffs and others minimum wage by subjecting them unlawful deductions from wages.

173.    Defendants violated the FLSA when they failed to pay the Plaintiffs and others minimum wage because they and failed to reimburse them for out-of-pocket expenses associated with visa fees and travel costs.

174.    Defendants violated the FLSA when they failed to pay the Plaintiffs and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

175.    Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

176.    Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

177.    Plaintiffs and others are entitled to recover unpaid wages, overtime premiums, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

**COUNT II – Failure to Pay Minimum and Overtime Wages
and to Provide Compensated Rest Breaks
Violation of Colorado Overtime and Minimum Wage Pay Standards (COMPS)
Order and Predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1**

178.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-81 and 154-164 above as if fully set forth herein.

179.    Plaintiffs assert this claim against all Defendants.

180.    The Named Plaintiffs assert this claim against all Defendants on behalf of themselves and a putative class preliminarily defined as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

181.    This Count seeks the recovery of unpaid minimum and overtime wages and wages arising from mandatory rest breaks denied between February 7, 2020 and the present.

182.    Defendants were Plaintiff's and others' "employers" as that term is defined by the COMPS Order because they suffered or permitted them to work and acted directly or

25

indirectly in the interests of an employer in relation to the Plaintiffs and others. 7 C.C.R. 1103-1¶ 1.6(A).

183.    Plaintiffs and others were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs and others, who performed the primary work of the employers. 7 C.C.R. 1103-1¶ 1.5(A).

184.    Defendants employed the Plaintiffs and others in a hospitality business that provides housekeeping services for luxury hotel accommodations in Telluride, Colorado.

185.    Defendants employed the Plaintiffs and others in an industry regulated by COMPS Orders 36, 37 and 38. 7 C.C.R. 1103-1.

186.    Defendants employed the Plaintiffs and others in an industry regulated by Wage Order 35.  7 C.C.R. 1103-1 ¶(1)(A).

187.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to authorize and permit the Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 C.C.R. 1103-1 ¶¶ 5.2.3, 5.2.4.

188.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to make payments to the Plaintiffs and others to compensate them for mandatory rest breaks they were denied.

189.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to pay the Plaintiffs and others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A).

190.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to pay the Plaintiffs and others overtime premiums for hours worked over twelve in each given workday. 7 CCR 1103-1¶ 4.1.1(B).

191.    Defendants violated the COMPS Order (and predecessor Wage Orders) when they failed to pay the Plaintiffs and others the required minimum wage for all hours worked.  7 CCR 1103-1 ¶ 3.1.

192.    As a result, the Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

193.    Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

### COUNT III – Failure to Pay Minimum and Overtime Wages and to Provide Compensated Rest Breaks Violation of Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*

194.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1- 81 and 154-164 above as if fully set forth herein.

195.    Plaintiffs assert this claim against all Defendants.

196.    Plaintiffs assert this claim against all Defendants on behalf of themselves and a putative class preliminarily defined as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

197.    This Count seeks recovery for work performed between February 7, 2020 and the present.

198.    When Defendants failed to make payments in compliance with the COMPS Order, 7 CCR 1103-1, they failed to pay the minimum wages fixed by the Director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

199.    Defendants' failure to make payments required by the COMPS Order violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

200.    As a result of Defendants' violations of the law, Plaintiffs and others similarly situated suffered lost wages and lost use of those wages in an amount to be determined at trial.

201.    Plaintiffs and others similarly situated are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

### COUNT IV – <u>Violation of Colorado Wage Claim Act, C.R.S. § 8-4-101, et. seq.</u>

202.    Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-96, 107-119, 154-193 above as if fully set forth herein.

203.    Plaintiffs assert this claim against all Defendants.

204.    The named Plaintiffs assert this claim against all Defendants on behalf of themselves and a putative class ( "others") preliminarily defined as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

205.    Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they suffered or permitted them to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiffs and others. C.R.S.§ 8-4-101(6).

206.    Plaintiffs and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants in which Defendants

commanded when, where, and how much labor or services would be performed, and
exercised control over the Plaintiffs and others, who performed the primary work of the
employers. C.R.S. § 8-4-101(5).

207.    The applicable COMPS Orders required Defendants to pay the Plaintiff and
others overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-
1¶ 4.1.1(A). Defendants failed to make these payments.

208.    The applicable COMPS Orders required Defendants to pay the Plaintiffs and
others required minimum wages for all hours worked. 7 CCR 1103-1¶ 3. Defendants failed to
make these payments.

209.    Defendants violated the COMPS Order when it failed to authorize and permit the
Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or
major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

210.    Defendants violated the COMPS Order when they failed to compensate the
Plaintiffs and others for mandatory, compensated ten-minute rest periods which they were
denied. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

211.    Defendants failed to make payments required by the H-2B guestworker contract.
29 C.F.R. § 503.16.

212.    Defendants failed to pay "paid sick leave" as defined in the Colorado HFWA.
C.R.S. § 8-13.3-402(8)(a)(I).

213.    Defendants failed to pay the Plaintiffs and others all wages or compensation due
at regular intervals.  C.R.S. § 8-4-103.

214.     Defendants failed to compensate the Plaintiffs and others for the earned, vested

and determinable wages or compensation recited above at the time of their separation from

employment. C.R.S. § 8-4-109.

215.     As a result, the Plaintiffs and others have suffered lost wages and lost use of those

wages in an amount to be determined at trial.

216.     Plaintiffs and other former employees are entitled to recover in a civil action the

unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and

any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### COUNT V – <u>Breach of H-2B Employment Contract</u>

217.     Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-65, 82-96,

and 154-164 above as if fully set forth herein.

218.     Plaintiffs assert this claim against Defendant MPC only.

219.     The Named Plaintiffs assert this claim against Defendant MPC on behalf of

themselves and a putative class ("others") preliminarily defined as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-
> 2B guestworker visas acquired by Mountain Premier Cleaning, LLC between
> February 7, 2020 and the present.

220.     Plaintiffs and others entered into an H-2B employment contract with Defendant

MPC.

221.     Plaintiffs and others agreed to perform housekeeping tasks for Defendant MPC, in

exchange for certain compensation.

222.     Specifically, Defendants agreed to pay Plaintiffs and others a fixed hourly rate

and overtime premiums for set minimum numbers of hours and to reimburse them for the

costs of obtaining visas, and for any travel costs associated with arriving to and returning from their job placements in Colorado.

223.    By failing to pay Plaintiffs and others this compensation, Defendant MPC breached their H-2B employment contract with Plaintiffs and others.

224.    As a result, the Plaintiffs and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

225.    As a result, the Plaintiffs and others have suffered consequential damages in an amount to be determined at trial.

226.    Plaintiffs and others are entitled to recover the unpaid balance of the full amount of the wages owed to them.

227.    Plaintiffs and others are entitled to recover in the consequential damages owed they suffered as a result of Defendant's breach.

**COUNT VI – Retaliatory Discharge of Plaintiff Karla Gonzalez Velez**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)**

228.    Plaintiff Karla Gonzalez Velez repeats and realleges each of the allegations contained in ¶¶ 1-76 and 97-106 above as if fully set forth herein.

229.    Plaintiff Gonzalez Velez asserts this Count on her own behalf only.

230.    Plaintiff Gonzalez Velez asserts this claim against Defendants MPC and Adriana Santa Ana.

231.    Plaintiff is an "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

232.    Defendants "employ" the Plaintiff as that term is defined by the FLSA. 29 U.S.C. §203(g).

233.    Defendants are Plaintiff's "employers" as that term is defined by the FLSA. 29
U.S.C. § 203(d).

234.    Defendants employed the Plaintiff in an enterprise "engaged in commerce or in
the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

235.    Plaintiff Gonzalez Velez engaged in activity protected by the anti-retaliation
provisions of the FLSA. 29 U.S.C. §215(a)(3).

236.    Defendants MPC and Adriana Santa Ana discriminated against Plaintiff Gonzalez
Velez because she exercised her right to question the denial of overtime compensation.

237.    Plaintiff Gonzalez Velez suffered adverse employment actions as a result of
Defendants MPC and Santa Ana's discrimination against her.

238.    Defendants' MPS and Santa Ana's discriminatory actions violated the Fair Labor
Standards Act. 29 U.S.C. § 215(a)(3).

239.    Defendants MPC's and Santa Ana's violations of the FLSA were willful, wanton,
malicious, and were taken recklessly with willful disregard for Plaintiff's rights.

240.    Defendants MPC and Santa Ana engaged in outrageous conduct.

241.    Plaintiff Gonzalez Velez is entitled to recover lost wages, compensatory damages,
punitive damages, liquidated damages and attorney fees and costs. 29 U.S.C. § 216(b).

242.    Plaintiff Gonzalez Velez is entitled to recover such additional legal or equitable
relief as may be appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3).

### COUNT VII – Individual Violations of the
### Trafficking Victims Protection Act 22 U.S.C. § 7101 *et seq.*

243.    Plaintiffs Karina Ruiz Alvarez and Amelia Colon Chairez repeat and reallege
each of the allegations contained in ¶¶ 1-65 and 120-130 above as if fully set forth herein.

244.    Plaintiffs Ruiz Alvarez and Colon Chairez assert this Count on their own behalf only.

245.    Plaintiffs assert this claim against Defendants MPC and Adriana Santa Ana only. Plaintiffs do not assert this claim against Defendant Madeline Hotel.

246.    Defendants MPC and Adriana Santa Ana attempted to obtain the labor or services of Plaintiff Colon Chairez through the abuse or threatened abuse of law or legal process.  18 U.S.C. § 1594(a); 18 U.S.C. § 1589(a)(3).

247.    Defendants MPC and Adriana Santa Ana attempted to obtain the labor or services of Plaintiff Colon Chairez through a scheme, plan or pattern intended to cause her to believe that, if she did not perform labor or services, she or another person would suffer serious harm or physical restraint.  18 U.S.C. § 1594(a); 18 U.S.C. § 1589(a)(4).

248.    Defendants MPC and Adriana Santa Ana knowingly confiscated and possessed Plaintiff Ruiz Alvarez's social security card and retained it upon separation from employment in the course of attempted violations of 18 U.S.C. § 1589.  18 U.S.C. § 1592(a)(1).

249.    Defendants MPC and Adriana Santa Ana knowingly confiscated and possessed Plaintiff Ruiz Alvarez's social security card and retained it upon separation from employment with intent to violate 18 U.S.C. § 1589.  18 U.S.C. § 1592(a)(2).

250.    Defendants MPC and Adriana Santa Ana knowingly confiscated and possessed Plaintiff Ruiz Alvarez's social security card and retained it upon separation from employment to prevent or restrict, without lawful authority, her liberty to move or travel in order to maintain the labor and services of Plaintiff Karina Ruiz Alvarez, a victim of a severe form of trafficking in persons.  18 U.S.C. § 1592(a)(3).

251.     Plaintiffs Amelia Colon Chairez and Karina Ruiz Alvarez were the victims of the above violations of Title 18, Part I, Chapter 77 of the United States Code.  18 U.S.C. § 1595(a).

252.     Defendants MPC and Adriana Santa Ana were the perpetrators of the above violations of Title 18, Part I, Chapter 77 of the United States Code.  18 U.S.C. § 1595(a).

253.     Defendants MPC and Adriana Santa Ana knowingly benefitted financially or by receiving things of value from participation in a venture they knew or should have known had engaged in the above violations of Title 18, Part I, Chapter 77 of the United States Code.  18 U.S.C. § 1595(a).

254.     Plaintiffs Amelia Colon Chairez and Karina Ruiz Alvarez suffered significant harms from Defendants MPC's and Adriana Santa Ana's violations of Title 18, Part I, Chapter 77 of the United States Code.  18 U.S.C. § 1595(a).

255.     Plaintiffs Amelia Colon Chairez and Karina Ruiz Alvarez are entitled to recover compensatory and punitive damages and an award of reasonable attorney fees.  18 U.S.C. § 1595(a).

### COUNT VIII –Attempted Forced Labor
### Violation of Trafficking Victims Protection Act 22 U.S.C. § 7101 *et seq.*

256.     Plaintiffs and others repeat and reallege each of the allegations contained in ¶¶ above as if fully set forth herein.

257.     Plaintiffs and others assert this claim against Defendants MPC and Adriana Santa Ana only. Plaintiffs and others do not assert this claim against Defendant Madeline Hotel.

258.     The Named Plaintiffs assert this claim on behalf of themselves and a putative class preliminarily defined as:

> All individuals who worked at the Madeline Hotel and Residences pursuant to H-2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present.

259.    Defendants MPC and Adriana Santa Ana attempted to obtain the labor or services of Plaintiffs and others through the abuse or threatened abuse of law or legal process. 18 U.S.C. § 1594(a); 18 U.S.C. § 1589(a)(3).

260.    Defendants MPC and Adriana Santa Ana attempted to obtain the labor or services of Plaintiffs and others through a scheme, plan or pattern intended to cause them to believe that, if they did not perform labor or services, they would suffer serious harm or physical restraint. 18 U.S.C. § 1594(a); 18 U.S.C. § 1589(a)(4).

261.    Plaintiffs and others were the victims of the above violations of Title 18, Part I, Chapter 77 of the United States Code. 18 U.S.C. § 1595(a).

262.    Defendants MPC and Adriana Santa Ana were the perpetrators of the above violations of Title 18, Part I, Chapter 77 of the United States Code. 18 U.S.C. § 1595(a).

263.    Defendants MPC and Adriana Santa Ana knowingly benefitted financially or by receiving things of value from participation in a venture they knew or should have known had engaged in the above violations of Title 18, Part I, Chapter 77 of the United States Code. 18 U.S.C. § 1595(a).

264.    Plaintiffs and others suffered significant harms from Defendants MPC's and Adriana Santa Ana's violations of Title 18, Part I, Chapter 77 of the United States Code. 18 U.S.C. § 1595(a).

265.    Plaintiffs and others are entitled to recover compensatory and punitive damages and an award of reasonable attorney fees. 18 U.S.C. § 1595(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

As to their Count I Claims brought under the FLSA, Plaintiffs respectfully request an

Order from the Court that:

a)  This case be certified as a collective action pursuant to 29 U.S.C. §216(b);

b)  Plaintiffs and others be awarded unpaid minimum and overtime wages;

c)  Plaintiffs and others be awarded liquidated damages pursuant to 29 U.S.C. §
216(b);

d)  Plaintiffs and others be awarded costs and attorney fees per 29 U.S.C. §
216(b);

e)  Plaintiffs and others be awarded such other and further relief as may be
necessary and appropriate.

As to their Count II Claims brought under the COMPS Order and Predecessor Wage

Orders, Plaintiffs respectfully requests an Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b)  Plaintiffs and others be awarded the unpaid balance of the full amount of
minimum and overtime wages owed to them and any costs or attorney's fees
due.

c)  Plaintiffs and others be awarded such other and further relief as may be
necessary and appropriate.

As to their Count III Claim brought under the CMWA, Plaintiffs respectfully requests an

Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b)  Plaintiffs and others be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.

c)  Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought under the CWCA, Plaintiffs respectfully request an Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b)  Plaintiffs and others be awarded the unpaid balance of the full amount of wages or compensation owed to them, any statutory penalties due, and any costs or attorney's fees due per C.R.S. §§ 8-4-103, 109 and 110.

c)  Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count V Claim brought under their H-2B guestworker contract with Defendant MPC, Plaintiffs respectfully request an Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b)  Plaintiffs and others be awarded the unpaid balance of the full amount of wages and consequential damages owed to them.

c)  Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to her Count VI claim under the anti-retaliation provisions of the FLSA, Plaintiff Karla Gonzalez Velez respectfully requests an Order from the Court that:

a)  Plaintiff be awarded lost wages, compensatory damages, punitive

damages, liquidated damages and attorney fees and costs. 29 U.S.C. §  216(b).

b)  Plaintiff be awarded such additional legal or equitable relief as may be

appropriate to effectuate the purposes of 29 U.S.C. § 215(a)(3).

As to their Count VII claim under the Trafficking Victims Protection Act, Plaintiffs

Amelia Colon Chairez and Karina Ruiz Alvarez respectfully requests an Order from the

Court that:

a)  Plaintiffs be awarded compensatory damages, punitive damages and

reasonable attorney fees. 18 U.S.C. § 1595(a).

b)  Plaintiffs be awarded such additional legal or equitable relief as may be

necessary and appropriate.

As to their Count VIII claim under the Trafficking Victims Protection Act, Plaintiffs and

others respectfully request an Order from the Court that:

a)  This Count be certified as a class action pursuant to Fed.R.Civ.P. 23(b)(3);

b)  Plaintiffs and others be awarded compensatory damages, punitive damages

and reasonable attorney fees. 18 U.S.C. § 1595(a).

c)  Plaintiffs and others be awarded such additional legal or equitable relief as

may be necessary and appropriate.

Respectfully Submitted,


*/s/ Natasha Viteri*
Natasha Viteri
CO Atty. Reg. #56670
Towards Justice
PO Box 371680, PMB 44465
Denver, CO 80237-5680
(720) 441-2236
natasha@towardsjustice.org

38

Andrew H. Turner
CO Atty. Reg. #43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
(303) 305-8230
andrew@milsteinturner.com

***Counsel for Plaintiffs***