**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00354-JLK-MEH

KARINA RUIZ ALVAREZ,
KARLA GONZALEZ VELEZ,
GABRIELA MOCTEZUMA CASTILLO, and
AMELIA COLON CHAIREZ,
on their own behalf
and on behalf of all others similarly situated,

Plaintiff,

v.

TELLURIDE RESORT PARTNERS, LLC
d/b/a MADELINE HOTEL & RESIDENCES,
MOUNTAIN PREMIER CLEANING SERVICES, L.L.C., and
ADRIANA SANTA ANA

Defendants.

---

**JOINT STIPULATION OF SETTLEMENT AND RELEASE OF
CLAIMS AGAINST DEFENDANTS MOUNTAIN PREMIER
CLEANING SERVICES, LLC AND ADRIANA SANTA ANA**

---

WHEREAS on February 7, 2023, Plaintiffs Karina Ruiz Alvarez, Karla Gonzalez Velez, Gabriela Moctezuma Castillo and Amelia Colon Chairez ("Plaintiffs" or "Named Plaintiffs") filed the above pending captioned civil action in the United States District Court for the District of Colorado against Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana ("the MPC Defendants"), on behalf of themselves and others similarly-situated (the "Lawsuit");

WHEREAS, in the Complaint, the Named Plaintiffs assert, on behalf of themselves and a proposed class of employees and former employees, violations of the Fair Labor Standards Act, the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.*, their contract

with the Plaintiff H-2B Guestworkers, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et. seq.*, the Trafficking Victims Protection Act, 22 U.S.C. § 7101, *et. seq.* and seek (1) amounts alleged to have been unlawfully deducted from their wages,  (2) compensatory and punitive damages for alleged attempted forced labor; and (3) compensatory and punitive damages for retaliation allegedly suffered by Plaintiffs Karla Gonzlaez Velez, Karina Ruiz Alvarez and Amelia Colon Chairez;

WHEREAS, the MPC Defendants deny all allegations, assert that all employees were properly paid at all times and assert that no retaliatory actions were taken;

WHEREAS, the Parties conducted a settlement conference in Denver, Colorado, on October 24, 2023 before the Honorable Magistrate Judge Michael E. Hegarty;

WHEREAS, it is the desire of the Plaintiffs and the MPC Defendants to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that could have been brought in the Lawsuit against Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana;

WHEREAS, Defendant Telluride Resort Partners, LLC d/b/a Madeline Hotel & Residences is not a party to this settlement agreement and will not benefit from any release resulting from its approval;

**NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:**

**DEFINITIONS.** The defined terms set forth in this Agreement have the meanings ascribed to them below.

    1.1.    **The MPC Defendants**.  The MPC Defendants shall refer to Mountain Premier Cleaning Services, LLC, and Adriana Santa Ana.  The term "the MPC Defendants" as used herein shall exclude Telluride Resort Partners, LLC d/b/a Madeline Hotel

& Residences, which is a party to this litigation but is not a party to this settlement agreement and release.

1.2.   **Rule 23 Class.** Rule 23 Class, or Settlement Class shall mean all individuals who worked at the Madeline Hotel and Residences pursuant to H- 2B guestworker visas acquired by Mountain Premier Cleaning, LLC between February 7, 2020 and the present. All members of the Rule 23 class are identified in Exhibit A to this Agreement.   As explained below, the Parties will seek Rule 23 certification of the Settlement Class for settlement purposes only.

1.3.   **Rule 23 Class Members.** Rule 23 Class Members means all those included within the definition of the Rule 23 Class who do not timely exclude themselves from this Settlement Agreement as set forth in paragraph 13 *infra*.

1.4.   **Rule 23 Class Period.** Rule 23 Class Period is defined as the period from February 7, 2020 to the date this agreement is signed.

1.5.   **Excluded Class Member.** Excluded Class Member means a Class Member who timely follows the procedure specified in paragraph 13 *infra* and in the Class Notice approved by the Court to validly "opt out" of the Settlement.

1.6.   **Participating Class Member.** Participating Class Member means a Rule 23 Class Member who timely cashes his/her first-round distribution settlement check.

1.7.   **Non-Participating Class Member.** A Non-Participating Class Member means a Rule 23 Class Member who did not timely opt-out of the Settlement but who fails to timely cash his/her first-round distribution settlement check.

1.8.   **Class Notice.** Class Notice means the Court-approved Class Notice of Proposed Settlement of the Lawsuit, Conditional Certification of the Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, attached to this Agreement as Exhibit B.

1.9.   **Class Counsel.** Andrew H. Turner of Milstein Turner, PLLC.

1.10.  **Class Member.** Class Member shall refer collectively to the members of the Rule 23 Class.

1.11.  **The MPC Defendants' Counsel.** John K. Crisham of Crisham and Holman, L.L.C. and Peter Ricciardelli of the Law Office of Peter Ricciardelli.

1.12.  **The Parties.** The Parties means the Settlement Class (including the Named Plaintiff), and Defendants (as defined above), collectively.

1.13.  **Fairness Hearing.** Fairness Hearing means the hearing before the Court relating to the Motion for Final Approval.

1.14.  **Final Approval.** Final Approval means that the Settlement Agreement has been finally approved by the Court and either: (1) upon timely appeals, the United States Court of Appeals for the Tenth Circuit has declined to consider, affirmed, or otherwise approved the Court's Final Approval and the applicable date for seeking further appellate review has passed; or (2) the applicable date for seeking appellate review of the Court's Final Approval of the Settlement has passed without timely appeal or request for review having been made and cannot be extended.

1.15.  **Final Approval Order.** Final Approval Order means the Order entered by the Court after the Fairness Hearing that approves the material terms and conditions of this Agreement and the distribution of the Settlement Checks and Enhancement Award, and that dismisses the Lawsuit, with prejudice.

1.16.  **Settlement Fund.** Settlement Fund means the full $400,000.00 settlement amount to be paid by Defendants pursuant to this Settlement Agreement in satisfaction of all claims against them.

1.17.  **Net Settlement Fund.** The Net Settlement Fund means the full $400,000.00 settlement amount to be paid by Defendant pursuant to this Settlement Agreement less deductions for: (1) Court-approved attorneys' fees and costs for Class Counsel; and (2) Court-approved Enhancement Awards to Named Plaintiff.

1.18.  **Opt-out Period.** The Opt-out Period will be a date sixty (60) days from the mailing of the Class Notice to the Class Members.

1.19.  **Rule 23 Claims.** State Claims or Rule 23 Claims shall refer to all claims stated under the Colorado Overtime and Minimum Pay Standards Order (the "COMPS Order"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.*, Defendants' contract with the Plaintiff H-2B Guestworkers, the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et. seq.*, and the Trafficking Victims Protection Act, 22 U.S.C. § 7101, *et. seq.*.

1.20.  **Rule 23 Compensation.** Rule 23 Compensation means amounts paid in satisfaction of Rule 23 Claims.

1. This Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the Named Plaintiffs, individually on behalf of themselves and the Settlement Class Members, and Defendants and sets forth the terms and conditions of the settlement of the Lawsuit as to the participating MPC Defendants (the "Settlement"). This Settlement Agreement is subject to the approval of the Court.

## NO ADMISSION

2. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, willfulness, lack of good faith, or wrongdoing on the part of the MPC Defendants. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this Settlement Agreement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by the MPC Defendants or their employees who expressly deny any liability, wrongdoing, impropriety, responsibility or fault whatsoever.

3. In addition, and also without limiting the generality of the foregoing, nothing about this Settlement Agreement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the Lawsuit or any other action for adversarial, rather than settlement purposes. While the MPC Defendants have agreed that class certification is appropriate for settlement purposes, this stipulation is for purposes of this Settlement Agreement only and the MPC Defendants maintain that class

certification would be inappropriate if the Parties were to continue litigating the Lawsuit. If the Settlement Agreement is not finally approved by the Court, the MPC Defendant's stipulation to certification of the above class for settlement purposes only shall be null and void and may not be used or relied upon by the Named Plaintiff, Class Counsel, or any Class Member for any purposes.

## INVESTIGATION AND APPROVAL BY CLASS COUNSEL AND DEFENSE COUNSEL

4. Class Counsel and the MPC Defendant's Counsel, respectively, have conducted extensive investigation into the facts relating to the claims alleged, and have made a thorough study of the legal principles applicable to the claims asserted against the MPC Defendants. Class Counsel have conducted a thorough investigation into the facts relevant to the various claims, including an extensive review of voluminous documents and data produced to the Named Plaintiffs, and has diligently pursued investigation and prosecution of Class Members' claims against the MPC Defendants. Class Counsel expressly acknowledges that there are differences and disputes, stated and unstated, between the Parties as to various evidentiary matters. Class Counsel has exercised independent judgment and has determined that this Settlement Agreement is proper as stated herein after fully taking into account any risk, uncertainty, or unresolved issues relating to discovery or the completeness of his investigation, uncertainty as to the facts and circumstances, risk of significant delay, risk of loss or limited recovery, and the defenses asserted by the MPC Defendants. Based upon Class Counsel's investigation, legal evaluation, and taking into account the sharply contested legal and factual issues involved as well as Class Counsel's assessment of the uncertainties of complex litigation and the relative benefits conferred upon the Class Members pursuant to this Settlement Agreement, Class Counsel has concluded that a settlement with these MPC Defendants on

the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Named Plaintiffs and Class Members. The MPC Defendants and the MPC Defendants' Counsel also agree that this Settlement Agreement is reasonable and fair.

5. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement Agreement and to dismiss all pending claims against the MPC Defendants with prejudice upon complete performance of the terms and conditions of the Settlement Agreement.

## SETTLEMENT FUND AMOUNTS, PROVISONS AND ALLOCATIONS

6. **Settlement Fund.** The MPC Defendants agree to pay $400,000.00 (Four Hundred Thousand Dollars and Zero Cents), inclusive of attorneys' fees, expenses/costs, employee side FICA tax, and Enhancement Awards to the Named Plaintiffs, to settle the Lawsuit. This sum shall be referred to herein as the "Settlement Fund."

7. **No Reversion.** There will be no reversion of Settlement Funds. Settlement Funds mailed as Rule 23 Compensation which are not negotiated by any Non-Participating Class Member within 90 days from the date of the check shall be void and a stop payment will issue on the check (hereinafter "Unclaimed First-Round Funds"). All Unclaimed First- Round Funds will be redistributed among those Participating Class Members who *did* cash their first-round distribution checks in a second-round distribution.

8. **Tax Treatment of Settlement Payments:**

    i. **Rule 23 Class Action Funds:** Rule 23 Class Members will receive the Rule 23 Compensation agreed upon by the Parties and reflected on the

individual notice issued to that Rule 23 Class Member (Exhibit A). The Parties agree that the Settlement Fund is not punitive in purpose or effect, and that it is understood and agreed that no portion of the Settlement Fund shall be characterized as the payment of punitive assessments. These payments to Rule 23 Class Members will be subject to the following tax treatment:

**a. Alleged Unlawful Deductions From Wages:** All Rule 23 Class Action Funds paid to Class Members to compensate them for alleged unlawful deductions from wages shall be deemed wages subject to withholdings and reported on an IRS Form W2.

**b. FLSA Liquidated Damages:** Named Plaintiffs Karina Ruiz Alvarez, Karla Gonzalez Velez, Amelia Colon Chairez and Gabriela Moctezuma Castillo and FLSA Opt-in Plaintiffs Martha Beatriz Barrientos Osnaya, Minerva Paloma Cataño Pinedo, Elonia Chaverri, Esmeralda Ortiz and Candy Toriz (collectively "FLSA Plaintiffs") assert and release any and all FLSA claims against the MPC Defendants. The FLSA Plaintiffs' settlement with these MPC Defendants is limited to failure to reimburse them for visa, transportation and subsistence expenses they incurred for the primary benefit of the Releasees. Liquidated damages paid to compensate these claims will be subject to no withholdings and reported on an IRS 1099-MISC.

**c. Alleged Attempted Forced Labor:** All Rule 23 Class Action Funds paid to Class Members to compensate them for alleged attempted forced labor shall be deemed compensatory damages subject to no withholdings and reported on an IRS 1099-MISC.

**d. Alleged Retaliation Damages:** All Rule 23 Class Action Funds paid to Named Plaintiffs Karla Gonzalez Velez, Karina Ruiz Alvarez and Amelia Colon Chairez to compensate them for alleged attempted forced labor shall be deemed compensatory damages subject to no withholdings and reported on

an IRS 1099-MISC.

ii. **Class Representative Enhancement:** The $10,000.00 representative incentive award payable to each of the Named Plaintiffs will be deemed wages subject to withholdings and reported on an IRS Form W2.

iii. **Payment Responsibility.** All employer-payroll taxes on the wage portions of this Settlement Agreement shall be paid by the MPC Defendants, and no portion of said taxes shall be drawn from the Settlement Fund. All employee taxes on the wage portions of this Settlement Agreement shall be paid from the Settlement Fund. Except for employer payroll taxes, the Named Plaintiffs and Rule 23 Class Members will hold the MPC Defendants harmless from any taxes due under the settlement and will indemnify the MPC Defendants for any taxes or penalties due under the settlement, unless such liability is directly caused by the MPC Defendants. The Named Plaintiffs and Rule 23 Class Members shall be responsible for their own tax reporting of payments received under the settlement.

9. **Settlement Effective Date.** The "Effective Date" of this Settlement Agreement shall be thirty (30) days after the Court's Final Approval Order.

10. **Administration of Settlement.** Optime Administration, LLC will be the Class Administrator charged with the distribution and collection of notice and payments. The costs of administration will be borne by Plaintiffs. Administration costs will be paid from the Settlement Fund.

11. **Determination of Each Class Member's Share of the Net Settlement Fund:** The Net Settlement Fund shall be allocated among the Named Plaintiffs and the Rule 23 Class Members as set forth in the allocation table attached hereto as Exhibit A. The parties agree that, to assure the safety of those class members and their family members living

abroad, they will request that Exhibit A be filed under seal. Each individual class member shall be notified of his or her minimum gross amount received should they participate in this settlement.

12. **Attorneys' Fees and Expenses/Costs:** Class Counsel will apply to the Court (and Defendant will not oppose) for payment from the Settlement Fund of no more than $100,000.00 in attorneys' fees and litigation expenses/costs, which amounts to a total of 25% percent of the Settlement Fund. The total attorneys' fees and expenses/costs actually paid from the Settlement Fund will be as approved by the Court in its Final Order.

13. **Enhancement Award to The Named Plaintiff:** Class Counsel will apply to the Court (and the MPC Defendants will not oppose) for a payment from the Settlement Fund of $10,000 to each of the Named Plaintiffs in total enhancements, in recognition of her role and participation as Named Plaintiffs providing information and assistance to Class Counsel and the release of her claims. This amount shall be in addition to her share from the Net Settlement Fund. In further consideration of the Enhancement Award, the Named Plaintiff and the MPC Defendant shall execute a mutual general release of all claims, inclusive of a limited, mutual Non-Disparagement agreement.

## NOTICE AND PAYMENT PROCEDURES

14. **Notice & Payment Procedure:**

   a. **Motion to Modify Preliminary Injunction:** On or before November 23, 2023, the Parties will jointly move the Court to modify the preliminary injunction entered in 1:23-cv-02571-JLK-MEH to permit the sale of the

properties restrained by that preliminary injunction, provided that the first $400,000.00 received from such sale must be deposited into Court to fulfill the obligation set forth in ¶13(c) below.

b. **Motion for Leave to Make Deposit Into Court:** On or before November 23, 2023, the Parties will jointly move the Court for leave to make a deposit into Court in 1:23-cv-00354-JLK-MEH. Deposited funds will be designated for settlement with the Named Plaintiffs and the Plaintiffs Class in the above captioned case and will be expressly restricted to that use alone.

c. **Deposit of Settlement Funds Into Court:** On or before March 22, 2023, the MPC Defendants will deposit $400,000.00 into Court pursuant to Fed.R.Civ.P. 67. These funds will be designated for settlement with the Named Plaintiffs and the Plaintiffs Class in the above captioned case and will be expressly restricted to that use alone. These funds will be designated for settlement of specific claims under the Trafficking Victims Protection Act, 22 U.S.C. § 7101 *et. Seq.* and for violation of the H2B guestworker contract.

d. **Motion to Dissolve Preliminary Injunction:** Within fourteen (14) days after the MPC Defendants' completion of payment into Court specified by ¶13(c) above, the Parties will jointly move to dissolve the preliminary injunction entered in 1:23-cv-02571-JLK-MEH.

e. **Dismissal of 1:23-cv-02571-JLK-MEH:** Within fourteen (14) days after the MPC Defendants' completion of payment into Court specified by ¶13(c) above, the Parties will jointly stipulate the dismissal of 1:23-cv-02571-JLK-MEH, all parties thereto to bear their own costs and attorney's fees except as otherwise provided herein.

f. **Joint Motion for Preliminary Approval:** Within twenty-one (21) days after

the MPC Defendants' completion of payment into Court specified by ¶13(c) above, the Parties will jointly move for preliminary approval of this settlement agreement pursuant to Fed.R.Civ.P. 23(e).

g. **CAFA Notice to Appropriate State Officials:** Not later than ten (10) days after the parties file their Joint Motion for Preliminary Approval of this Settlement Agreement, the MPC Defendants shall serve the Notice of Proposed Settlement required by 28 U.S.C. § 1715(b) upon the appropriate state officials.

h. **MPC Defendants Provide Rule 23 Class Names and Addresses to Administrator:** Within fourteen (14) days after the Court enters an Order preliminarily approving this Settlement Agreement, the MPC Defendant will provide to the Settlement Administrator, to the best of the MPC Defendants' ability based on the information reasonably available to them, a list of the names and addresses of all Rule 23 Class Members.

i. **Settlement Administrator Mails Rule 23 Class Notice:** Within forty-five (45) days after the Court enters an Order preliminarily approving this Settlement Agreement, the Settlement Administrator shall mail an individualized copy of the notice attached to this Agreement as Exhibit B to each identified Rule 23 Class Member. Any Notice returned as undeliverable shall be sent to the forwarding address affixed thereto. If no forwarding address is provided, the Settlement Administrator shall perform a standard electronic search, including, but not limited to reviewing the National Change of Address Registry to attempt to determine the most current mailing address and shall resend the Notice to that address. The Parties agree that the deadlines contained herein shall not be extended for Rule 23 Class Members whose

Notices were returned as undeliverable and re-mailed pursuant to this paragraph.

j. **Rule 23 Notice/Exclusion Period:** The Rule 23 Notice Period will run for sixty (60) days after the Settlement Administrator issues notice to the Rule 23 Class and shall conclude one hundred and five (105) days after the Court enters an Order preliminarily approving this Settlement Agreement. Anyone who wishes to be excluded from the Settlement Class must complete and return the Opt-Out form (Exhibit B) to the Settlement Administrator prior to conclusion of the Notice and Response Period. Those potential Rule 23 Class Members who opt-out or exclude themselves from this Settlement Agreement within the sixty (60) day notice period will become Excluded Class Members.

   i. **Excluded Class Members.** Those Excluded Class Members who opt-out or exclude themselves from this Settlement Agreement will not be entitled to Rule 23 Compensation and will release no claims through the approval of this Settlement Agreement.

   ii. **Rule 23 Class Members.** All Rule 23 Class Members who do not opt-out or exclude themselves from this Settlement Agreement will be entitled to Rule 23 Compensation in the approximate minimum gross individual amount determined by Counsel for the parties and indicated on their individualized Class Notice (Exhibit A).

   iii. **Objections to Settlement Agreement:** Any Rule 23 Class Member may object to this Settlement Agreement either in writing or by appearing at the Fairness Hearing. To be considered by the Court, written objections must be: (i) postmarked on or before the date to object set by the Court; (ii) made in writing; (iii) filed with the Court; (iv) state whether they

apply only to the objector, to a specific subset of the class, or to the entire class, and (v) state with specificity the grounds for the objection.

k. **Joint Motion for Final Approval of Settlement Agreement:** Following the conclusion of the notice and exclusion period, the Parties shall prepare and file a Joint Motion for Final Approval of the Settlement Agreement. The Parties will file this Joint Motion within one hundred thirty-five (135) days after the Court enters an Order preliminarily approving this Settlement Agreement. Class Counsel shall file with that motion a declaration by Class Counsel outlining the completion of the notice distribution plan. Class Counsel shall also file with that motion lists of the names of (1) the Excluded Rule 23 Class Members who requested to be excluded from the Rule 23 Class as provided in the Notice, and (2) the Rule 23 Class Members who submitted objections as provided in the Notice. Class Counsel will also file at that time a separate motion for an award of attorneys' fees and reimbursement of expenses/costs. The motion for final approval will apply to the Court for an Order finally approving the Settlement Agreement as fair, adequate and reasonable, and will submit a proposed final order and judgment that accomplishes the following:

    (1) Approves the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

    (2) Excludes from the Settlement Class those persons who properly and timely have requested exclusion;

    (3) Dismisses the Lawsuit as against all and each of the MPC Defendants on the merits and with prejudice and permanently bars all Named Plaintiffs and Rule 23 Class Members from prosecuting any claims

released by the terms of this Settlement Agreement;

(4) Releases the funds paid into Court pursuant to ¶13(c) above to the Settlement Administrator for distribution in accordance with this Agreement; and

(5) Dismisses the MPC Defendants from 1:23-cv-00354-JLK-MEH.

l. **Plaintiff's Motion for Approval of Attorney's Fee:** Plaintiffs shall prepare and file a Motion for approval of the attorney's fees awarded by this Settlement Agreement within one hundred thirty-five (135) days after the Court enters an Order preliminarily approving this Settlement Agreement.

m. **Final Fairness Hearing:** The Court will hold a fairness hearing to hear objections to and consider the fairness and adequacy of this Settlement Agreement pursuant to Fed. R. Civ. P. 23(e)(2). The Court will hold this hearing on a date to be determined but not fewer than one hundred fifty (150) days one hundred-fifty (150) days after the Court entered its Order preliminarily approving this Settlement Agreement.

n. **Order of Final Approval:** Should the Court grant the parties' Joint Motion for Final Approval of Settlement Agreement, the Rule 23 Class, and Named Plaintiff releases provided herein shall become effective and payment will proceed as follows.

o. **Effective Date of Settlement.** The "Effective Date" of this Settlement Agreement shall be thirty (30) days after the Court's Final Approval Order.

p. **Court Releases Settlement Funds to Settlement Administrator:** Upon Final Approval of this Settlement Agreement, the Court shall release all Settlement Funds to the Settlement Administrator.

q. **Administrator Sends First-Round Settlement Checks:** The Settlement Administrator shall send first-round settlement checks to Rule 23 Class Member within twenty- one (21) days after the Effective Date of this Agreement. All settlement checks issued by the Settlement Administrator will be written to expire

ninety (120) days after issuance. The Settlement Administrator shall also send the Named Plaintiffs their approved Enhancement Awards and any retaliation damages they are due pursuant to this agreement within twenty-one (21) days after the Effective Date.

r.  **Payment of Attorney's Fees & Costs:** Twenty (21) days after the Effective Date, the Settlement Administrator will pay by check the amount awarded to Class Counsel in attorney's fees and expenses/costs.

s.  **Administrator Reports Unclaimed Funds to Counsel:** The Settlement Administrator shall report the number and amounts of each uncashed Rule 23 Settlement check and the total sum of unclaimed Rule 23 Settlement Funds to counsel for the Parties 142 days after the Effective Date of this Agreement.

t.  **Class Counsel Provides Second-Round Distribution Information to Settlement Administrator:** Within one hundred fifty (150) days after the Effective Date of this Agreement, Class Counsel shall provide to the MPC Defendant's Counsel and to the Settlement Administrator (a) a list of Participating Class Members, (b) the percentage of total distributed Rule 23 Class Settlement Fund attributable to each Participating Class Member, and (c) the amount of unclaimed Rule 23 Class Settlement funds to be redistributed to each of the Participating Class Members.

u.  **Settlement Administrator Sends Second-Round Distribution Checks to Participating Class Members:** Within one hundred sixty (160) days after the Effective Date of this Agreement, the Settlement Administrator shall mail second-round distribution checks to each of the Participating Class Members whom Class Counsel has identified. Such checks will expire 120 days after issuance.

v.  **Calculation of *Cy Pres* Funds.** Within two hundred ninety (290) days after the Effective Date of this Agreement, the Settlement Administrator will report to Counsel for the Parties the total amount of unclaimed second-round distribution

funds. This amount will constitute the total *cy pres* funds.

w. **Remittance of *Cy Pres Funds*:** Within three hundred (300) days after the Effective Date of this Agreement, the Settlement Administrator will send all *cy pres* funds to the designated *Cy Pres* – The Colorado Immigrant Rights Coalition.

## COURT APPROVAL

15. This Settlement Agreement is subject to approval by the Court. If this Settlement Agreement is not approved, this Settlement Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the Lawsuit prior to the Settlement; and neither this Settlement Agreement nor the facts and circumstances leading to it including negotiating over its terms, nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the Lawsuit, arbitration, or any other action for any purpose.

## RELEASES

16. Upon final approval by the Court of this Settlement Agreement, the Rule 23 Class Members will release all their Rule 23 Claims that were brought or that could have been brought in this litigation as provided herein up to the date this agreement is signed. The releases will release and be for the benefit only of Releasees, defined as follows: (i) Mountain Premier Cleaning Services, LLC; (ii) Adriana Santa Ana; and (iii) Briana Santa Ana. The scope of the releases is as follows:

a. **Rule 23 Class Release:** All Rule 23 Class Members release and fully discharge Releasees from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or

causes of action of whatever kind or nature, whether known or unknown, that were brought or that could have been brought in this litigation. This includes all claims for compensation of allegedly uncompensated rest break time and/or pre-shift work, associated alleged unpaid wages, and the resulting liquidated damages, interest, penalties or fines, that were asserted or could have been asserted in this lawsuit. This release includes all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, claims under state common law and equitable principles, and express or implied contract claims, arising from the alleged failures set forth above that were brought or that could have been brought in this litigation. This release excludes claims under the Fair Labor Standards Act, except as set forth in section 15(b) of this Agreement. This release excludes any claim stated against any party, entity or individual not named as a Releasee above.

b. **FLSA Release:** In addition to the Rule 23 Class Release above, Named Plaintiffs Karina Ruiz Alvarez, Karla Gonzalez Velez, Amelia Colon Chairez and Gabriela Moctezuma Castillo and FLSA Opt-in Plaintiffs Martha Beatriz Barrientos Osnaya, Minerva Paloma Cataño Pinedo, Elonia Chaverri, Esmeralda Ortiz and Candy Toriz (collectively "FLSA Plaintiffs") release the Releasees above from any and all claims for relief under the Fair Labor Standards Act, known or unknown, which they possessed on or before the date this Settlement Agreement was signed. These nine FLSA Plaintiffs provide this release as to the Releasees named in ¶15 above only. These nine FLSA Plaintiffs provide this release in consideration of their receipt of FLSA liquidated damages arising only from the named Releasees' alleged failure to reimburse them for visa, transportation and subsistence expenses they

incurred for the primary benefit of the Releasees.

c. **Named Plaintiff Release:**  Named Plaintiffs Karina Ruiz Alvarez, Karla Gonzalez Velez, Amelia Colon Chairez and Gabriela Moctezuma Castillo in consideration of their receipt of the Representative Enhancement Payment provided by this Settlement Agreement, release those Releasees recited in ¶15 *supra* from all claims of any kind accrued prior to the Date on which this Agreement is ratified. The MPC Defendants, in consideration of Named Plaintiffs' release of all claims, release Named Plaintiffs' from all claims of any kind accrued prior to the Date on which this Agreement is ratified.

d. **Mutual Non-Disparagement:**   In consideration of their receipt of the Representative Enhancement Payment provided by this Settlement Agreement Named Plaintiffs Karina Ruiz Alvarez, Karla Gonzalez Velez, Amelia Colon Chairez and Gabriela Moctezuma Castillo agree not to disparage Adriana Santa Ana, Mountain Premier Cleaning Services, LLC and Briana Santa Ana. Defendant, in consideration of Named Plaintiffs' release of all claims, agrees not to disparage Karina Ruiz Alvarez, Karla Gonzalez Velez, Amelia Colon Chairez and Gabriela Moctezuma Castillo.  This provision shall not apply to statements provided as truthful testimony. This provision shall not apply to statements made to members of the speaker's family.

## MUTUAL FULL COOPERATION

17. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other

efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.

## ENFORCEMENT ACTIONS

18. This Settlement Agreement is fully enforceable in the United States District Court for the District of Colorado. The Parties consent to the jurisdiction of that Court to enforce this Settlement Agreement.

## CONSTRUCTION

19. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

## CAPTIONS AND INTERPRETATIONS

20. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

21. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties and expressly referring to this Settlement Agreement. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

22. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the Settlement Agreement and transactions contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. The Parties expressly acknowledge that they have not relied on any representations or promises not expressly contained in this Settlement Agreement. No rights hereunder may be waived except in writing.

## BINDING SCOPE; NO PRIOR ASSIGNMENTS

23. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES AND PARTIES' AUTHORITY

24. Subject to the MPC Defendants' beliefs as to the propriety of class treatment as set forth in section 3 above, and for purposes of this Agreement only, it is agreed that, because the Members of the Class are so numerous, it is impossible or impractical and not required to have each Class Member execute this Settlement Agreement. The Notices of Class Action Settlement, Exhibits A and B hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Class Member.

25. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

26. Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate and execute this Settlement Agreement and to take all appropriate action required to effectuate the terms hereof and to execute any other documents required to effectuate the terms of this Settlement Agreement.

## COUNTERPARTS

27. This Settlement Agreement may be executed in one or more counterparts, and when each of the undersigned has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures. All executed copies of this Settlement Agreement, and photocopies thereof, shall have the same force and effect and shall be legally binding and enforceable as the original.

## GOVERNING LAW

28. All terms of this Settlement Agreement shall be governed by and interpreted according to the laws of the State of Colorado and the United States of America, where applicable.

Agreed this_____ day of August, 2022:


_____
Karina Ruiz Alvarez
Class Representative Plaintiff


_____
Karla Gonzalez Velez
Class Representative Plaintiff


_____
Gabriela Moctezuma Castillo
Class Representative Plaintiff


_____
Amelia Colon Chairez
Class Representative Plaintiff


_____
Martha Beatriz Barrientos Osnaya
Opt-in Plaintiff


_____
Minerva Paloma Cataño Pinedo
Opt-in Plaintiff


_____
Elonia Chaverri
Opt-in Plaintiff

**EL TRIBUNAL DE DISTRITO DE LOS
ESTADOS UNIDOS PARA EL DISTRITO
DE COLORADO**

Acción Civil No. 1:23-cv-00354-JLK-MEH

KARINA RUIZ ALVAREZ,
KARLA GONZÁLEZ VÉLEZ,
GABRIELA MOCTEZUMA CASTILLO, y
AMELIA COLÓN CHAIREZ,
en su propio nombre
y en nombre de todos los demás en

situación similar, el Demandante,

v.

TELLURIDE RESORT PARTNERS, LLC
d/b/a MADELINE HOTEL &
RESIDENCES,
MOUNTAIN PREMIER CLEANING SERVICES, L.L.C., y
ADRIANA SANTA ANA

Acusados.

---

**ESTIPULACIÓN CONJUNTA DE ACUERDO Y
LIBERACIÓN DE RECLAMOS CONTRA LOS
DEMANDADOS MOUNTAIN PREMIER CLEANING
SERVICES, LLC Y ADRIANA SANTA ANA**

---

CONSIDERANDO QUE el 7 de febrero de 2023, las Demandantes Karina Ruiz Álvarez, Karla González Vélez, Gabriela Moctezuma Castillo y Amelia Colón Chairez ("Demandantes" o "Demandantes Nombrados") presentaron la acción civil pendiente anteriormente en el Tribunal de Distrito de los Estados Unidos para el Distrito de Colorado contra los Demandados Mountain Premier Cleaning Services, LLC y Adriana Santa Ana ("los Demandados MPC"), en su propio nombre y en el de otras situaciónes similar (la "Demanda");

CONSIDERANDO QUE, en la Demanda, los Demandantes Nombrados afirman, en su nombre y en el de una clase propuesta de empleados y ex empleados, violaciones de la Ley

de Normas Laborales Justas, la Orden de Normas de Horas Extras y Pago Mínimo de Colorado (la "Orden COMPS"), 7 C.C.R. 1103-1, la Ley de Salario Mínimo de Colorado ("MWA"), C.R.S. § 8-6-101, et. *seq.,* su contrato con el DemandanteH-2B Trabajadores Invitados, la Ley de Reclamo Salarial de Colorado ("CWCA"), C.R.S. § 8-4-101, et. seq., la *Ley de Protección de las Víctimas de la Trata de Personas, 22 U.S.C. § 7101,* et. seq. *y* solicitar (1) cantidades que supuestamente se han deducido ilegalmente de sus salarios, (2) daños compensatorios y punitivos por presunto intento de trabajo forzoso; y (3) daños compensatorios y punitivos por represalias presuntamente sufridas por las Demandantes Karla González Vélez, Karina Ruiz Álvarez y Amelia Colón Chairez;

CONSIDERANDO QUE, los Demandados de MPC niegan todas las acusaciones, afirman que todos los empleados recibieron el pago adecuado en todo momento y afirman que no se tomaron medidas de represalia;

CONSIDERANDO QUE, las Partes llevaron a cabo una conferencia de conciliación en Denver, Colorado, el 24 de octubre de 2023 ante el Honorable Juez Magistrado Michael E. Hegarty;

CONSIDERANDO QUE, es el deseo de los Demandantes y los Demandados de MPC conmemorar, resolver, comprometer y descargar completamente, finalmente y para siempre todas las disputas y reclamos que se han presentado en la Demanda o que podrían haberse presentado en la Demanda contra los Demandados Mountain Premier Cleaning Services, LLC y Adriana Santa Ana;

CONSIDERANDO QUE, el demandado Telluride Resort Partners, LLC d/b/a Madeline Hotel & Residences no es parte de este acuerdo de conciliación y no se beneficiará de ninguna liberación resultante de su aprobación;

AHORA, POR LO TANTO, en consideración de los convenios, promesas y garantías

mutuas establecidos en este documento, las Partes acuerdan, sujeto a la aprobación de la Corte,

lo siguiente:

**DEFINICIONES.** Los terminos definidos establecidos en este Acuerdo tienen los significados que se les atribuyen a continuación.

1.1. **Los demandados del MPC.** Los Demandados de MPC se referirán a Mountain Premier Cleaning Services, LLC y Adriana Santa Ana. El término "los Demandados de MPC", tal como se utiliza en el presente documento, excluirá a Telluride Resort Partners, LLC que opera bajo el nombre comercial de Madeline Hotel & Residences, que es parte de este litigio pero no es parte de este acuerdo de conciliación y liberación.

1.2. **Clase de la Regla 23.** Clase de la Regla 23, o Clase del Acuerdo, significará todas las personas que trabajaron en el Hotel y Residencias Madeline de conformidad con las visas H-2B de trabajadores temporales 2B adquiridas por Mountain Premier Cleaning, LLC entre el 7 de febrero de 2020 y presente. Todos los miembros del Grupo de la Regla 23 están identificados en el Anexo A de este Acuerdo. Como se explica a continuación, las Partes solicitarán la certificación del Grupo de la Regla 23 únicamente para fines de conciliación.

1.3. **Miembros del Grupo de la Regla 23.** Miembros del Grupo de la Regla 23 se refiere a todos aquellos incluidos dentro de la definición del Grupo de la Regla 23 que no se excluyen oportunamente de este Acuerdo de conciliación, tal como se establece en el párrafo 13 *a continuación.*

1.4. **Regla 23 Período de la clase.** El Período de la Clase de la Regla 23 se define como el período comprendido entre el 7 de febrero de 2020 y la fecha de firma de este acuerdo.

1.5. **Miembro excluido del grupo.** Miembro del Grupo excluido significa un Miembro del Grupo que sigue oportunamente el procedimiento especificado en el párrafo 13 *a continuación* y en la Notificación del Grupo aprobada por el Tribunal para "excluirse" válidamente del Acuerdo.

1.6. **Miembro de la Clase Participante.** Miembro del Grupo Participante significa un Miembro del Grupo de la Regla 23 que cobra oportunamente su cheque de liquidación de distribución de la primera ronda.

1.7. **Miembro no participante de la clase.** Un Miembro del Grupo No Participante significa un Miembro del Grupo de la Regla 23 que no optó por no participar oportunamente en el Acuerdo, pero que no cobró oportunamente su cheque del Acuerdo de distribución de la primera ronda.

1.8. **Aviso de clase.** Notificación de la demanda colectiva se refiere a la Notificación de la demanda colectiva aprobada por el Tribunal, la Notificación condicional del Grupo de la conciliación, la Aprobación preliminar del acuerdo y la fecha de la audiencia para la aprobación final del Tribunal, adjunta a este Acuerdo como Anexo B.

1.9.     **Abogados de la Clase.** Andrew H. Turner de Milstein Turner, PLLC.

1.10.    **Miembro de la Clase.** Los Miembros del Grupo se referirán colectivamente a los miembros del Grupo de la Regla 23

1.11.    **El abogado de los acusados del MPC.** John K. Crisham de Crisham y Holman, L.L.C. y Peter Ricciardelli de la Oficina Legal de Peter Ricciardelli.

1.12.    **Las Partes.** Las Partes se refieren al Grupo de la Conciliación (incluido el Demandante Nombrado) y a los Demandados (según se define anteriormente), colectivamente.

1.13.    **Equidad de cobro.** Audiencia de imparcialidad significa la audiencia ante el Tribunal en relación con la Moción de Aprobación Final.

1.14.    **Aprobación final.** Aprobación Final significa que el Acuerdo de Conciliación ha sido aprobado finalmente por el Tribunal y: (1) tras las apelaciones oportunas, el Tribunal de Apelaciones de los Estados Unidos para el Décimo Circuito se ha negado a considerar, afirmó o aprobó de otro modo la Aprobación Final del Tribunal y la fecha aplicable para solicitar una revisión de apelación adicional ha pasado; o (2) la fecha aplicable para solicitar la revisión de apelación de la Aprobación Final del Acuerdo por parte del Tribunal ha pasado sin que se haya presentado una apelación o solicitud de revisión oportuna y no se puede extender.

1.15.    **Orden de aprobación final.** Orden de Aprobación Final significa la Orden dictada por el Tribunal después de la Audiencia de Equidad que aprueba los términos y condiciones materiales de este Acuerdo y la distribución de los Cheques de Conciliación y la Adjudicación de Mejora, y que desestima la Demanda, con perjuicio.

1.16.    **Fondo de Liquidación. Fondo de la Conciliación** significa el monto total de la conciliación de $400,000.00 que pagarán los Demandados de conformidad con este Acuerdo de la Conciliación en satisfacción de todas las reclamaciones en su contra.

1.17.    **Fondo de Liquidación Neto.** El Fondo Neto del Acuerdo significa el monto total del acuerdo de $400,000.00 que pagará el Demandado de conformidad con este Acuerdo de Conciliación menos las deducciones por: (1) los honorarios de abogados aprobados por el Tribunal y los costos de los Abogados del Grupo; y (2) Adjudicaciones de Mejoras aprobadas por el Tribunal al Demandante Nombrado.

1.18.    **Período de exclusión.** El Período de Exclusión Voluntaria será una fecha de sesenta (60) días a partir del envío por correo de la Notificación de la Demanda Colectiva a los Miembros de la Demanda Colectiva.

1.19.    **Regla 23 Reclamaciones.** Las Reclamaciones Estatales o las Reclamaciones de la Regla 23 se referirán a todas las reclamaciones establecidas en las Horas Extras de Colorado y Mínimo Pagar Orden de Normas (la "Orden COMPS"), 7 del C.C.R. 1103-1, el Colorado Mínimo Ley de Salarios ("MWA"), C.R.S. § 8-6- 101, *Et. Seq.* De los demandados contrato Con el DemandanteH-2B Trabajadores temporales, la Ley de Reclamo Salarial de Colorado ("CWCA"), C.R.S. § 8-4-101, *Et. Seq.* y la Ley de

Protección de las Víctimas de la Trata, 22 U.S.C. § 7101, *Et. Seq.*.

1.20. **Regla 23 Compensación. Regla 23** Compensación significa montos pagados en satisfacción de las Reclamaciones de la Regla 23.

1. Esta Estipulación Conjunta de Acuerdo y Liberación (en adelante, "Acuerdo de Conciliación") se realiza y celebra por y entre los Demandantes Nombrados, individualmente en nombre propio y de los Miembros del Grupo de la Conciliación, y los Demandados, y establece los términos y condiciones de la conciliación de la Demanda en cuanto a los Demandados de MPC participantes (el "Acuerdo"). Este Acuerdo de Conciliación está sujeto a la aprobación del Tribunal.

## SIN ADMISIÓN

2. Nada de lo contenido en este documento, ni la consumación de este Acuerdo de conciliación, debe interpretarse o considerarse una admisión de responsabilidad, culpabilidad, negligencia, dolo, falta de buena fe o irregularidades por parte de los Demandados de MPC. Cada una de las Partes del presente ha celebrado este Acuerdo de Conciliación con la intención de evitar más disputas y litigios con los inconvenientes y gastos concomitantes. En, y sin limitar la generalidad de lo anterior, nada en este Acuerdo de Conciliación se ofrecerá o interpretará como una admisión de responsabilidad, irregularidad, incorrección, responsabilidad o culpa de ningún tipo por parte de los Demandados de MPC o sus empleados que nieguen expresamente cualquier responsabilidad, irregularidad, incorrección, responsabilidad o culpa Alguna.

3. Además, y también sin limitar la generalidad de lo anterior, nada de lo relacionado con este Acuerdo de conciliación se ofrecerá ni interpretará como una admisión o evidencia de la propiedad o viabilidad de certificar una clase en la Demanda o

cualquier otra acción con fines contenciosos, en lugar de conciliar. Si bien los Demandados de MPC han acordado que la certificación de la demanda colectiva es apropiada para fines de conciliación, esta estipulación es solo para los fines de este Acuerdo de conciliación y los Demandados de MPC sostienen que la demanda colectiva.

La certificación sería inapropiada si las Partes continuaran litigando la Demanda. Si el Acuerdo de conciliación no es finalmente aprobado por el Tribunal, la estipulación del Demandado MPC para la certificación de la clase anterior solo para fines de conciliación será nula y sin efecto y no podrá ser utilizada ni invocada por el Demandante Nombrado, los Abogados de la Clase o cualquier Miembro de la Clase para ningún propósito.

**INVESTIGACIÓN Y APROBACIÓN POR PARTE DE LOS ABOGADOS DE LA DEMANDA COLECTIVA Y LOS ABOGADOS DEFENSORES**

4. Los Abogados de la Clase y los Abogados del Demandado de MPC, respectivamente, han llevado a cabo una investigación exhaustiva de los hechos relacionados con las reclamaciones alegadas, y han realizado un estudio exhaustivo de los principios legales aplicables a las reclamaciones presentadas contra los Demandados de MPC. Los Abogados del Grupo han llevado a cabo una investigación exhaustiva de los hechos relevantes para las diversas reclamaciones, incluida una revisión exhaustiva de voluminosos documentos y datos presentados a los Demandantes Nombrados, y han llevado a cabo diligentemente la investigación y el enjuiciamiento de las reclamaciones de los Miembros del Grupo contra los Demandados de MPC. Los Abogados del Grupo reconocen expresamente que existen diferencias y disputas, declaradas y no declaradas, entre las Partes en cuanto a diversos asuntos probatorios. Los Abogados de la Clase han ejercido un juicio independiente y han determinado

que este Acuerdo de Conciliación es adecuado como se establece en este documento después de tener plenamente en cuenta cualquier riesgo, incertidumbre o cuestiones no resueltas relacionadas con el descubrimiento o la integridad de su investigación, incertidumbre en cuanto a los hechos y circunstancias, riesgo de demora significativa, riesgo de pérdida o recuperación limitada, y las defensas presentadas por los Demandados de MPC. Sobre la base de la investigación y la evaluación legal de los Abogados del Grupo de demandantes, y teniendo en cuenta las cuestiones legales y fácticas muy controvertidas involucradas, así como la evaluación del Abogado del Grupo de las incertidumbres de los litigios complejos y los beneficios relativos conferidos a los Miembros del Grupo de conformidad con este Acuerdo de Conciliación, los Abogados del Grupo han concluido que un acuerdo con estos Demandados de MPC sobre

los términos establecidos en este Acuerdo de conciliación son justos, razonables, adecuados y en el mejor interés de los Demandantes nombrados y los Miembros del Grupo. Los Demandados de MPC y los Abogados de los Demandados de MPC también acuerdan que este Acuerdo de Conciliación es razonable y justo.

5. Las Partes acuerdan cooperar y tomar todas las medidas necesarias y apropiadas para obtener la aprobación preliminar y final de este Acuerdo de Conciliación y desestimar todas las reclamaciones pendientes contra los Demandados de MPC con perjuicio del cumplimiento completo de los términos y condiciones del Acuerdo de Conciliación.

**MONTOS, DISPOSICIONES Y ASIGNACIONES DEL FONDO DE LIQUIDACIÓN**

6. **Fondo de Liquidación.** Los Demandados de MPC acuerdan pagar $400,000.00 (Cuatrocientos Mil Dólares y Cero Centavos), incluidos los honorarios de los abogados, los gastos/costos, el impuesto FICA del lado del empleado y las

Adjudicaciones de Mejora a los Demandantes Nombrados, para resolver la Demanda. Esta suma se denominará en el presente documento el "Fondo del Acuerdo".

7.  **Sin reversión.** No habrá reversión de los Fondos del Acuerdo. **Los Fondos del Acuerdo** enviados por correo como Compensación de la Regla 23 que no sean negociados por ningún Miembro del Grupo No Participante dentro de los 90 días a partir de la fecha del cheque serán nulos y se emitirá una suspensión de pago sobre el cheque (en adelante, "Fondos de la Primera Ronda No Reclamados"). Todos los Fondos de la Primera Ronda no reclamados se redistribuirán entre los Miembros del Grupo Participantes que *cobraron* sus cheques de distribución de la primera ronda en una distribución de la segunda ronda.

8.  **Tratamiento Tributario de los Pagos de Liquidación:**

     i.  **Fondos de la Regla 23 de la Demanda Colectiva:** Los Miembros de la Clase de la Regla 23 recibirán la Compensación de la Regla 23 acordada por las Partes y reflejada en la notificación individual emitida a ese Miembro del Grupo de la Regla 23 (Anexo A). Las Partes acuerdan  que el Fondo del Acuerdo no es punitivo ni en su propósito ni efecto, y que se entiende y acuerda que ninguna parte del Fondo del Acuerdo se caracterizará como el pago de cuotas punitivas. Estos pagos a los Miembros del Grupo de la Regla 23 estarán sujetos al siguiente  tratamiento fiscal:

     **a. Presuntas deducciones ilegales de salarios:** Todos los Fondos de Acción Colectiva de la Regla 23 pagados a los Miembros del Grupo para compensarlos por supuestas deducciones ilegales de salarios se considerarán salarios sujetos a retenciones y se informarán en un Formulario W2 del IRS.

**b. Daños y perjuicios liquidados por la FLSA:** Demandantes nombrados Karina Ruiz Álvarez, Karla González Vélez, Amelia Colón Chairez y Gabriela Moctezuma Castillo y demandantes optativas por la FLSA Martha Beatriz Barrientos Osnaya, Minerva Paloma Cataño Pinedo, Elonia Chaverri, Esmeralda Ortiz y Candy Toriz (colectivamente "Demandantes de la FLSA")

hacer valer y liberar todas y cada una de las reclamaciones de la FLSA contra los demandados de MPC. El acuerdo de los Demandantes de la FLSA con estos Demandados de MPC se limita a la falta  de reembolso de los gastos de visa, transporte y manutención en los que incurrieron para el  beneficio principal de los Exonerados. Los daños liquidados pagados para compensar estas reclamaciones no estarán sujetos a retenciones y se informarán en un IRS 1099-MISC.

**c. Presunto intento de trabajo forzoso:** Todos los Fondos de Acción Colectiva de la Regla 23 pagados a los Miembros del Grupo para compensarlos por el presunto intento de trabajo forzoso se considerarán daños compensados sujetos a no retenciones y se informarán en un IRS 1099-MISC.

**d. Presuntos daños por represalias:** Todos los Fondos de Demanda Colectiva de la Regla 23 pagados a las Demandantes Nombradas Karla González Vélez, Karina Ruiz Álvarez y Amelia Colón Chairez para compensarlos por el presunto intento de trabajo forzoso

indemnizaciones por daños y perjuicios no sujetos a retenciones y

un formulario 1099-MISC del IRS.

ii. **Mejora del representante de la clase:** El premio de incentivo representativo de $ 10,000.00 pagadero a cada uno de los Demandantes nombrados se considerará salario sujeto a retenciones y se informará en un Formulario W2 del IRS.

iii. **Responsabilidad de pago.** Todos los impuestos sobre la nómina del empleador sobre las porciones salariales de este Acuerdo de Conciliación serán pagados por los Demandados de MPC, y ninguna parte de dichos impuestos se extraerá del Fondo de la Conciliación. Todos los impuestos de los empleados sobre las partes salariales de este Acuerdo de Conciliación se pagarán con cargo al Fondo de la Conciliación. A excepción de los impuestos sobre la nómina del empleador, los Demandantes Nombrados y los Miembros del Grupo de la Regla 23 eximirán de responsabilidad a los Demandados de MPC de cualquier impuesto adeudado en virtud del acuerdo e indemnizarán a los Demandados de MPC por cualquier impuesto o multa adeudada en virtud del acuerdo, a menos que dicha responsabilidad sea causada directamente por los Demandados de MPC. Los Demandantes Nombrados y los Miembros del Grupo de la Regla 23 serán responsables de su propia declaración de impuestos de los pagos recibidos en virtud del acuerdo.

9. **Fecha de entrada en vigor de la liquidación.** La "Fecha de Entrada en Vigencia" de este Acuerdo de Conciliación será treinta (30) días después de la Orden de Aprobación Final del Tribunal.

10. **Administración de la Liquidación.** Optime Administration, LLC será el Administrador de la Clase encargado de la distribución y el cobro de avisos y pagos. Los costos de administración correrán a cargo de los Demandantes. Los costos de administración se pagarán con cargo al Fondo del Acuerdo.

11. **Determinación de la participación de cada miembro del grupo en el Fondo neto del acuerdo:** El Fondo neto del acuerdo se asignará entre los Demandantes nombrados y los Miembros del grupo de la Regla 23 según lo establecido en la tabla de asignación

adjunta al presente como Anexo A. Las partes

acuerdan que, para garantizar la seguridad de los miembros de la clase y de los miembros de su familia que viven en el grupo

en el extranjero, solicitarán que el Anexo A se presente bajo sello. Cada miembro individual del grupo será notificado de su monto bruto mínimo recibido en caso de que participe en este acuerdo.

12. **Honorarios y Gastos/Costos de Abogados:** Los Abogados del Grupo solicitarán al Tribunal (y el Demandado no se opondrá) el pago del Fondo del Acuerdo de no más de

$100,000.00 en honorarios de abogados y gastos/costos de litigio, lo que equivale a un total del 25% por ciento del Fondo del Acuerdo. El total de los honorarios de los abogados y los gastos/costos realmente pagados del Fondo del Acuerdo serán los aprobados por el Tribunal en su Orden Final.

13. **Indemnización por mejora al demandante nombrado:** Los Abogados del Grupo solicitarán al Tribunal (y los Demandados de MPC no se opondrán) un pago del Fondo del Acuerdo de

$10,000 a cada uno  de los Demandantes Nombrados en mejoras totales, en reconocimiento a su papel y participación como Demandantes Nombrados que brindan información y asistencia a los Abogados del Grupo y la liberación de sus reclamos. Esta cantidad se sumará a su parte del Fondo Neto del Acuerdo. En consideración adicional de la Adjudicación de Mejora, el Demandante Nombrado y el Demandado MPC ejecutarán una liberación general mutua de todas las reclamaciones, incluido un acuerdo limitado y mutuo de No Menosprecio.

**PROCEDIMIENTOS DE NOTIFICACIÓN Y PAGO**

14. **Procedimiento de Aviso y Pago:**

a. **Moción para modificar la medida cautelar:** A más tardar el 23 de noviembre de 2023, las partes solicitarán conjuntamente al Tribunal que modifique la medida cautelar preliminar ingresada en 1:23-cv-02571-JLK-MEH para permitir la venta de bienes restringidos por dicha medida cautelar, siempre que la primera $400,000.00 recibidos de dicha venta deben ser depositados en el Tribunal para cumplir con la obligación establecida en 113 (c) a continuación.

b. **Moción de permiso para hacer un depósito en el tribunal: El 23** de noviembre de 2023 o antes, las partes solicitarán conjuntamente al tribunal permiso para hacer un depósito en el tribunal en 1:23-cv-00354-JLK-MEH. Los fondos depositados se designarán para su liquidación con los Demandantes Nombrados y el Grupo de Demandantes en el caso mencionado anteriormente y se restringirán expresamente a ese uso únicamente.

c. **Depósito de fondos del acuerdo** en el tribunal: El 22 de marzo de 2023 o antes, los demandados de MPC depositarán $400,000.00 en el tribunal de conformidad con Fed.R.Civ.P. 67. Estos fondos se designarán para llegar a un acuerdo con los Demandantes Nombrados y el Grupo de Demandantes en el caso mencionado anteriormente y se restringirán expresamente a ese uso únicamente. Estos fondos se destinarán a la liquidación de reclamaciones específicas en virtud de la Ley de Protección de las Víctimas de la Trata de Personas, 22

U.S.C. § 7101 *y siguientes. Seq.* y por violación del contrato de trabajador temporal H2B.

d. **Moción para disolver la medida cautelar:** Dentro de los catorce (14) días

posteriores a la finalización del pago por parte de los demandados de MPC en el tribunal especificado por ,fl3 (c) anterior, las partes se moverán conjuntamente para disolver la orden judicial preliminar ingresada en 1:23-cv-02571-JLK-MEH.

e. **Despido de 1:23-cv-02571-JLK-MEH:** Dentro de los catorce (14) días posteriores a la finalización del pago por parte de los Demandados de MPC en el Tribunal especificado por I13 (c) anterior, las Partes estipularán conjuntamente la desestimación de 1 :23-cv-02571-JLK MEH, todas las partes asumirán sus propios costos y honorarios de abogados, excepto que se disponga lo contrario en este documento.

f. **Moción Conjunta de Aprobación Preliminar:** Dentro de los veintiún (21) días posteriores a la finalización del pago por parte de los Demandados de MPC en el Tribunal especificado en 113 (c) anterior, las Partes solicitarán conjuntamente la aprobación preliminar de este acuerdo de conciliación de conformidad con Fed.R.Civ.P. 23 (e).

g. **Aviso de CAFA al Estado Apropiado Funcionarios:** A más tardar diez (10) días después de que las partes presenten su Moción Conjunta para la Aprobación Preliminar de éste Acuerdo de Conciliación, los Demandados de MPC entregarán el Aviso de Propuesto Acuerdo requerido por 28 U.S.C. § Artículo 1715(b) sobre la base de la funcionarios estatales.

h. **Los Demandados de MPC Proporcionan Nombres y Direcciones de la Clase de la Regla 23 al Administrador:** Dentro de los catorce (14} días posteriores a que el Tribunal emita una Orden que apruebe preliminarmente este Acuerdo de Conciliación, el Demandado de MPC proporcionará al Administrador de la Conciliación, en la medida de sus posibilidades de los Demandados de MPC en

función de la información razonablemente disponible para ellos, una lista de los nombres y direcciones de todos los Miembros de la Clase de la Regla 23.

i.  **El Administrador del Acuerdo envía por correo la Notificación del Grupo de la Regla 23:** Dentro de los cuarenta y cinco (45} días posteriores a que el Tribunal emita una Orden que apruebe preliminarmente este Acuerdo de Conciliación, el Administrador del Acuerdo enviará por correo una copia individualizada del aviso adjunto a este Acuerdo como Anexo B a cada Miembro del Grupo de la Regla 23 identificado. Cualquier Notificación devuelta como no entregable se enviará a la dirección de reenvío que figura en la misma. Si no se proporciona una dirección de reenvío, el Administrador del Acuerdo realizará una búsqueda electrónica estándar, que incluye, entre otros, la revisión del Registro Nacional de Cambio de Dirección para intentar determinar la dirección postal más actualizada y reenviará el Aviso a esa dirección. Las Partes acuerdan que los plazos contenidos en el presente documento no se extenderán para los Miembros del Grupo de la Regla 23

Los avisos se devolvieron como no entregables y se volvieron a enviar por correo de conformidad con este párrafo.

j.  **Período de Notificación/Exclusión de la Regla 23:** El Período de Notificación de la Regla 23 tendrá una duración de sesenta (60) días después de que el Administrador de la Conciliación emita una notificación al Grupo de la Regla 23 y concluirá ciento cinco (105) días después de que el Tribunal emita una Orden que apruebe preliminarmente este Acuerdo de Conciliación. Cualquier persona que desee ser excluida del Grupo de la Conciliación debe completar y devolver el formulario de Exclusión Voluntaria (Anexo B) al Administrador de la Conciliación antes de la conclusión del Período de

Notificación y Respuesta. Aquellos posibles Miembros del Grupo de la Regla 23 que opten por no participar o se excluyan de este Acuerdo de conciliación dentro del período de notificación de sesenta (60) días se convertirán en Miembros del Grupo Excluidos.

i.      **Miembros excluidos del grupo.** Aquellos Miembros del Grupo excluidos que opten por no participar o se excluyan de este Acuerdo de Conciliación no tendrán derecho a la Compensación de la Regla 23 y no renunciarán a ninguna reclamación a través de la aprobación  de este Acuerdo de Conciliación.

ii.     **Artículo 23 Miembros del grupo.** Todos los Miembros del Grupo de la Regla 23 que no

opten por no participar o excluirse de este Acuerdo de conciliación tendrán derecho a la Compensación de la Regla 23 en el monto individual bruto mínimo aproximado determinado por los Abogados de las partes e indicado en su Notificación de Demanda Colectiva individualizada (Anexo A).

iii.    **Objeciones al Acuerdo de Conciliación:** Cualquier Miembro del Grupo de demandantes de la Regla 23 puede objetar este Acuerdo de Conciliación ya sea por escrito o compareciendo en la Audiencia de Imparcialidad. Para ser consideradas por la Corte, las objeciones escritas deben ser: (i) mataselladas en o antes de la fecha de objeción fijada por la Corte; (ii) se haga por escrito; (iii) presentada ante la Corte; iv) indicar si

se aplican solo al objetor, a un subconjunto específico de la clase, o a toda la clase, y (v) exponer con especificidad los motivos de la objeción.

k.  **Moción Conjunta para la Aprobación Final del Acuerdo de Conciliación: Después de la** conclusión del período de notificación y exclusión, las Partes prepararán y presentarán una Moción Conjunta para la Aprobación Final del

Acuerdo de Conciliación. Las Partes presentarán esta Moción Conjunta dentro de los ciento treinta y cinco (135) días posteriores a que el Tribunal emita una Orden que apruebe preliminarmente este Acuerdo de Conciliación. Los Abogados del Grupo presentarán junto con esa moción una declaración de los Abogados del Grupo que describa la finalización del plan de distribución de avisos. Los Abogados del Grupo también presentarán con esa moción listas de los nombres de (1) los Miembros del Grupo de la Regla 23 excluidos que solicitaron ser excluidos del Grupo de la Regla 23 según lo dispuesto en la Notificación, y (2) los Miembros del Grupo de la Regla 23 que presentaron objeciones como

previsto en el Aviso. Los Abogados del Grupo también presentarán en ese momento una moción por separado para la adjudicación de los honorarios de los abogados y el reembolso de los gastos/costos. La moción de aprobación final solicitará al Tribunal una Orden que finalmente apruebe el Acuerdo de Conciliación como justo, adecuado y razonable, y presentará una propuesta de orden y sentencia final que logre lo siguiente:

(1) Aprueba el Acuerdo, juzgando que los términos del mismo son justos, razonables y adecuados, y ordenando la consumación de sus términos y disposiciones;

(2) Excluye del Grupo de la Conciliación a aquellas personas que hayan solicitado la exclusión de manera adecuada y oportuna;

(3) Desestima la Demanda contra todos y cada uno de los Demandados de MPC en cuanto al fondo y con perjuicio y prohíbe permanentemente a todos los Demandantes Nombrados y a los Miembros del Grupo de la Regla 23 procesar cualquier reclamo

liberado por los términos de este Acuerdo de Conciliación;

(4) Libera los fondos pagados al Tribunal de conformidad con el artículo 113(c) anterior al Administrador del Acuerdo para su distribución de conformidad con este Acuerdo; y

(5) Desestima a los Demandados MPC de 1:23-cv-00354-JLK-MEH.

l.  **Moción del Demandante para la Aprobación de los Honorarios del Abogado:** Los Demandantes prepararán y presentarán una Moción para la aprobación de los honorarios del abogado otorgados por este Acuerdo de Conciliación dentro de los ciento treinta y cinco (135) días posteriores a que el Tribunal emita una Orden que apruebe preliminarmente este Acuerdo de Conciliación.

m.  **Audiencia final de imparcialidad:** El Tribunal llevará a cabo una audiencia de imparcialidad para escuchar las objeciones y considerar la equidad y adecuación de este Acuerdo de conciliación de conformidad con Fed. R. Civ. P. 23(e)(2). El Tribunal llevará a cabo esta audiencia en una fecha por determinar, pero no menos de ciento cincuenta (150) días, ciento cincuenta (150) días después de que el Tribunal emitiera su Orden de aprobación preliminar de este Acuerdo de Conciliación.

n.  **Orden de Aprobación Final:** En caso de que el Tribunal conceda la Moción Conjunta para la Aprobación Final del Acuerdo de Conciliación de las partes, las exenciones del Grupo de la Regla 23 y del Demandante Nombrado previstas en el presente documento entrarán en vigencia y el pago procederá de la siguiente manera.

o.  **Fecha de entrada en vigor de la liquidación.** La "Fecha de Entrada en Vigencia" de este Acuerdo de Conciliación será treinta (30) días después de la Orden de Aprobación Final del Tribunal.

p.  **El Tribunal Libera los Fondos del Acuerdo al Administrador del Acuerdo:** Tras la Aprobación Final de este Acuerdo de Conciliación, el Tribunal liberará todos los Fondos del Acuerdo al Administrador del Acuerdo.

q.  **El Administrador envía los cheques de la primera ronda de conciliación:** El Administrador de la conciliación enviará los cheques de la primera ronda de

conciliación al  Miembro del Grupo de la Regla 23 dentro de los veintiún (21) días posteriores a la Fecha de entrada en vigencia  de este Acuerdo. TodoLos cheques de liquidación emitidos por el Administrador de la Liquidación se emitirán para vencer noventa (120) días después de la emisión. El Administrador del Acuerdo también enviará a los Demandantes Nombrados sus Adjudicaciones de Mejora aprobadas y cualquier daño por represalia que se les adeude de conformidad con este acuerdo dentro de los veintiún (21) días posteriores a la Fecha de Entrada en Vigencia.

r.  **Pago de Honorarios y Costos de Abogados**: Veinte (21) días después de la Fecha de Entrada  en Vigencia,  el Administrador del Acuerdo pagará mediante cheque el monto otorgado a los Abogados del Grupo en concepto de honorarios y gastos/costos de abogados.

s.  **El Administrador Reporta los Fondos No Reclamados al Abogado:** El Administrador del Acuerdo deberá reportar el número y los montos de cada cheque de la Regla 23 no cobrado y la suma total de los Fondos del Acuerdo de la Regla 23 no reclamados al abogado de las Partes 142 días después de la Fecha de Entrada en Vigencia de este Acuerdo.

t.  **Los Abogados del Grupo Proporcionan Información de Distribución de la Segunda Ronda  al Administrador del Acuerdo:** Dentro de los ciento cincuenta (150) días posteriores a la Fecha de Entrada en Vigencia de este Acuerdo, los Abogados del Grupo proporcionarán al Abogado del Demandado rvlPC y al Administrador del Acuerdo (a) una lista de los Miembros del Grupo Participantes, (b) el porcentaje del Total distribuido del Fondo del Acuerdo del Grupo de la Regla 23 atribuible a cada Miembro del Grupo Participante,  y (c) el monto de los fondos no reclamados del Acuerdo Colectivo de la Regla 23 que se redistribuirán a cada uno de los Miembros del Grupo Participantes.

u.  **El Administrador del Acuerdo envía los cheques de distribución de la segunda ronda a los Miembros del Grupo Participantes:** Dentro de los ciento sesenta (160)

días posteriores a la Fecha de entrada en vigencia de este Acuerdo, el Administrador del Acuerdo enviará por correo los cheques de distribución de la segunda ronda a cada uno de los Miembros del Grupo Participantes que los Abogados del Grupo hayan identificado. Dichos cheques vencerán 120 días después de su emisión.

v.   **Cálculo de *los Fondos Cy Pres*.** Dentro de los doscientos noventa (290) días posteriores a la Fecha de Entrada en Vigencia de este Acuerdo, el Administrador del Acuerdo informará a los Abogados de las Partes el monto total de la distribución de la segunda ronda no reclamada

fondos. Esta cantidad constituirá el total de *los fondos* cy pres.

w.   **Remesa de *Fondos Cy Pres:*** Dentro de los trescientos (300) días posteriores a la Fecha de Entrada en Vigencia de este Acuerdo, el Administrador del Acuerdo enviará todos los *Cy Pres* fondos a los designados *Cy Pres* - La Coalición por los Derechos de los Inmigrantes de Colorado.

## APROBACIÓN JUDICIAL

15. Este Acuerdo de Conciliación está sujeto a la aprobación del Tribunal. Si no se aprueba  este Acuerdo de Conciliación, este Acuerdo de Conciliación no tendrá fuerza ni efecto; todas las negociaciones, declaraciones y procedimientos relacionados con el mismo se llevarán a cabo sin perjuicio  de los derechos de cualquiera  de las partes, todas las cuales serán restauradas a sus respectivas posiciones en la Demanda antes de la Conciliación; y ni este Acuerdo de Conciliación ni los hechos  y las circunstancias que condujeron a ello, incluida la negociación de sus términos, ni ningún documento,  acción o presentación auxiliar  será admisible ni se ofrecerá como prueba en la Demanda, arbitraje o  cualquier  otra acción para cualquier propósito.

**LIBERA**

16. Tras la aprobación final por parte del Tribunal de este Acuerdo de Conciliación, los Miembros del Grupo de la Regla 23 liberarán todas sus Reclamaciones de la Regla 23 que se hayan presentado o que podrían haberse presentado en este litigio según lo dispuesto en el presente hasta la fecha en que se firme este acuerdo. Los lanzamientos se publicarán y serán solo para el beneficio de los Liberados, definidos de la siguiente manera: (i) Mountain Premier Cleaning Servicios, LLC; (ii) Adriana Santa Ana; y (iii) Briana Santa Ana. El alcance de las versiones es el siguiente:

   a. **Exención del Grupo de la Regla 23:** Todos los Miembros del Grupo de la Regla 23 liberan y  liberan completamente a los Exonerados de todos y cada uno de los reclamos, deudas, sanciones, responsabilidades, demandas, obligaciones, garantías, costos, gastos, honorarios de abogados, daños, **acciones** o causas de acción de cualquier tipo o naturaleza, conocidas o desconocidas, que se hayan presentado o que se hayan podido presentar en este litigio. Esto incluye todas las reclamaciones de compensación por el tiempo de descanso y/o el trabajo previo al turno supuestamente no compensados, los supuestos salarios no pagados asociados y los daños liquidados, intereses, sanciones o multas resultantes, que se afirmaron o podrían haberse afirmado en esta demanda. Este comunicado incluye todas las reclamaciones en virtud de las leyes estatales de salario mínimo, las leyes estatales de pago y cobro de salarios, los estatutos estatales de horas extras, las reclamaciones en virtud del derecho consuetudinario estatal y los principios de equidad, y

   Reclamaciones contractuales expresas o implícitas, derivadas de los supuestos incumplimientos expuestos anteriormente que se hayan presentado o que se hayan podido presentar en este litigio. Este comunicado excluye las reclamaciones en virtud de la Ley de Normas Laborales Justas, excepto según lo establecido en la  sección 15(b) de este

Acuerdo. Este comunicado excluye  cualquier reclamación declarada contra cualquier parte, entidad o individuo que no haya sido nombrado como Exonerado anteriormente.

b. **Comunicado de la FLSA:** Además del Comunicado de la Clase de la Regla 23 anterior, las Demandantes nombradas Karina Ruiz Alvarez, Karla González Vélez, Amelia Colón Chairez y Gabriela Moctezuma Castillo y las Demandantes optativas de la FLSA Martha Beatriz Barrientos Osnaya, Minerva Paloma Cataño Pinedo, Elonia Chaverri, Esmeralda Ortiz y Candy Toriz (colectivamente "Demandantes de la FLSA") liberan a los Exonerados anteriores de todas y cada una de las reclamaciones de reparación en virtud de la Ley de Normas Justas de Trabajo, conocidos o desconocidos, que poseían en o antes de la fecha en que se firmó este Acuerdo de Conciliación. Estos nueve Demandantes de la FLSA proporcionan esta liberación en cuanto a los Exonerados nombrados en,-[15 arriba solamente. Estos nueve Demandantes de la FLSA proporcionan esta exención en consideración a su recepción de los daños liquidados  de la FLSA que surgen solo  de la supuesta falta  de reembolso de los Exonerados nombrados por la visa, el transporte y los gastos de manutención que

incurridos para el beneficio primario de los Exonerados.

c. **Exoneración de la Demandante Nombrada:** Las Demandantes nombradas Karina Ruiz Álvarez, Karla González Vélez, Amelia Colón Chairez y Gabriela Moctezuma Castillo en consideración a su recepción del Pago de Mejora Representativa provisto por este Acuerdo de Conciliación, liberan a las Exoneradas mencionadas en 1[15 *supra de* todas las reclamaciones de cualquier tipo acumuladas antes de la Fecha en que se ratifique este Acuerdo. Los Demandados de MPC, en consideración a la liberación de todos

los reclamos por parte de los Demandantes Nombrados, liberan a los Demandantes Nombrados de todas las reclamaciones de cualquier tipo acumuladas antes de la Fecha en que se ratifique este Acuerdo.

d. **No Menosprecio Mutuo:** En consideración a su recepción del Pago de Mejora Representativa proporcionado por este Acuerdo de Conciliación, las Demandantes Nombradas Karina Ruiz Álvarez, Karla González Vélez, Amelia Colón Chairez y Gabriela Moctezuma Castillo acuerdan no menospreciar a Adriana Santa Ana, Mountain Premier Cleaning Services, LLC y Briana Santa Ana. El demandado, en consideración a la liberación de todos los reclamos por parte de los Demandantes Nombrados, acepta no menospreciar a Karina Ruiz Álvarez, Karla González Vélez, Amelia Colón Chairez y Gabriela Moctezuma Castillo. Esta disposición no se aplicará a las declaraciones prestadas como testimonio veraz. Esta disposición no se aplicará a las declaraciones hechas a los miembros de la familia del orador.

## COOPERACIÓN MUTUA PLENA

17. Las Partes acuerdan cooperar plenamente entre sí para cumplir con los términos de este Acuerdo de Conciliación, incluyendo, entre otros, la ejecución de dichos documentos y

tomar cualquier otra medida que sea razonablemente necesaria para implementar los términos de este

Acuerdo. Las Partes de este Acuerdo de Conciliación harán todo lo posible, incluidos todos los esfuerzos contemplados en este Acuerdo de Conciliación y cualquier otro

los esfuerzos que puedan ser necesarios por orden del Tribunal, o de otro modo, para llevar a cabo este Acuerdo de Conciliación y los términos establecidos en el mismo.

## ACCIONES DE CUMPLIMIENTO

18. Este Acuerdo de Conciliación es totalmente ejecutable en el Tribunal de Distrito de los Estados Unidos para el Distrito de Colorado. Las Partes aceptan la jurisdicción de ese Tribunal para hacer cumplir este Acuerdo de Conciliación.

## CONSTRUCCIÓN

19. Las Partes acuerdan que los términos y condiciones de este Acuerdo de Conciliación son el resultado de negociaciones largas, intensivas y en condiciones de plena competencia entre las Partes. Este Acuerdo de Conciliación ha sido redactado conjuntamente por los abogados de las Partes y no se interpretará a favor o en contra de ninguna de las Partes.

## LEYENDAS E INTERPRETACIONES

20. Los títulos o leyendas de los párrafos contenidos en este documento se insertan por conveniencia y como referencia, y de ninguna manera definen, limitan, amplían o describen el alcance de este Acuerdo de conciliación o cualquier disposición del mismo. Cada una de las partes de este Acuerdo de Conciliación es contractual y no meramente un considerando.

## MODIFICACIÓN

21. Este Acuerdo de Conciliación no puede ser cambiado, alterado o modificado excepto por escrito y firmado por las Partes y haciendo referencia expresa a este

Acuerdo de Conciliación. Este Acuerdo de Conciliación no podrá ser rescindido excepto por el cumplimiento de acuerdo con sus términos o por escrito firmado por las Partes del presente.

## INTEGRACIÓN CLÁUSULA

22. Este Acuerdo de Conciliación y sus anexos constituyen el acuerdo completo entre las Partes en relación con el Acuerdo de Conciliación y las transacciones contempladas en el presente, y todos los acuerdos, entendimientos, representaciones y declaraciones anteriores o contemporáneos, ya sean orales o escritos y ya sea por una Parte o por el asesor legal de dicha Parte, se fusionan en este documento. Las Partes reconocen expresamente que no se han basado en ninguna declaración o promesa que no esté expresamente contenida en este Acuerdo de Conciliación. No se puede renunciar a ningún derecho en virtud del presente documento, excepto por escrito.

## ÁMBITO DE APLICACIÓN VINCULANTE; SIN ASIGNACIONES PREVIAS

23. Este Acuerdo de Conciliación será vinculante y redundará en beneficio de las Partes y sus respectivos herederos. Las Partes declaran, acuerdan y garantizan que no han cedido, transferido, gravado o pretendido ceder, transferir o gravar directa o indirectamente a ninguna persona o entidad ninguna parte de ninguna responsabilidad, reclamo, demanda, acción, causa de acción o derechos en este documento liberados y descargados, excepto como se establece en este documento.

## SIGNATARIOS DE LOS ABOGADOS DEL GRUPO Y AUTORIDAD DE LAS PARTES

24. Sujeto a las creencias de los Demandados de MPC en cuanto a la conveniencia del tratamiento colectivo según lo establecido en la sección 3 anterior, y solo para

los fines de este Acuerdo, se acuerda que, debido a que los Miembros del Grupo

son tan numerosos, es imposible o poco práctico y no es necesario que cada

Miembro del Grupo ejecute este Acuerdo de conciliación. Los Avisos de Acuerdo

de Demanda Colectiva, Anexos A y B del presente, informarán a todos los Miembros de

la Clase

de la naturaleza vinculante de la liberación y tendrán la misma fuerza y efecto que si este

El Acuerdo de Conciliación fue ejecutado por cada Miembro del Grupo.

25. Los signatarios declaran que están plenamente autorizados para celebrar este Acuerdo de Conciliación y vincular a las Partes a los términos y condiciones del mismo.

26. Los abogados de todas las Partes garantizan y declaran que están expresamente autorizados por las Partes a las que representan para negociar y ejecutar este Acuerdo de Conciliación y para tomar todas las medidas apropiadas necesarias para hacer efectivos los términos del mismo y para ejecutar cualquier otro documento requerido para hacer efectivos los términos de este Acuerdo de Conciliación.

## CONTRAPARTES

27. Este Acuerdo de Conciliación podrá ser ejecutado en una o más contrapartes, y cuando cada uno de los firmantes haya firmado y entregado al menos una de dichas contrapartes, cada contraparte se considerará original y, cuando se tome junto con otras contrapartes firmadas, constituirá un Acuerdo de Conciliación, que será vinculante y efectivo para todas las Partes. Las firmas enviadas por fax o las firmas escaneadas en formato de documento portátil enviadas por correo electrónico se considerarán firmas originales. Todas las copias ejecutadas

DocuSign Envelope ID: 4C0D5F84-4931-4442-ABDB-55F D17EF0B2

de este Acuerdo de Conciliación, y las fotocopias de las mismas, tendrán la misma fuerza y efecto y serán legalmente vinculantes y exigibles que la original.

**LEGISLACIÓN APLICABLE**

28. Todos los términos de este Acuerdo de conciliación se regirán e interpretarán de acuerdo con las leyes del Estado de Colorado y los Estados Unidos de América, cuando corresponda.

De acuerdo en esto:_____ día de _____ de 2024:  2/14/2024

Karina Ruiz Álvarez
Demandante Representante de la Clase

Karla González Vélez
Demandante Representante de la Clase

Gabriela Moctezuma Castillo
Representante de la Clase
Demandante

Amelia Colón Chairez
Demandante Representante de la Clase

**Translator's Affidavit**

I certify that I am fluent in English and Spanish.  I certify that I have translated the attached document from English into Spanish and that the Spanish is a true and accurate translation of the English.


*Reneé D Lopez*
_____
Translator:  Reneé Lopez


STATE OF ~~COLORADO~~ Texas )
                                                    ) ss. 568607-3
COUNTY OF ~~DENVER~~ Tarrant )

Subscribed and sworn to me this __11th__ day of ___March___, 2024 by  Renee D Lopez

Document name:  Joint Stipulation of Settlement and Release of Claims Against Defendents Mountain Premier Cleaning Services, LLC and Adriana Santa Ana. Civil Action No. 1:23-cv-00354-JLK-MEH


*Jerry W Johnson*
Jerry W Johnson
Notary Public, State of Texas
_____

Notary Public


Witness my hand and official seal



[SEAL]

Electronically signed and notarized online using the Proof platform.