# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-00354-JLK-MEH

KARINA RUIZ ALVAREZ,
KARLA GONZALEZ VELEZ,
GABRIELA MOCTEZUMA CASTILLO, and
AMELIA COLON CHAIREZ,
on their own behalf
and on behalf of all others similarly situated,

Plaintiff,

v.

TELLURIDE RESORT PARTNERS, LLC
d/b/a MADELINE HOTEL & RESIDENCES,
MOUNTAIN PREMIER CLEANING SERVICES, L.L.C., and
ADRIANA SANTA ANA

Defendants.

## JOINT MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

COME NOW the provisionally appointed class representative Plaintiffs Karina Ruiz Alvarez, Karla Gonzlaez Velez, Gabriela Moctezuma Castillo and Amelia Colon Chairez, and Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana (collectively "the MPC Defendants"), who jointly move the Court pursuant to Federal Rule of Civil Procedure 23(e) to grant final approval of their proposed settlement of this class action lawsuit filed as ECF# 61-1.[1] By Order dated April 17, 2024, the Court granted this proposed settlement agreement. The

---

[1] The Named Plaintiffs and Defendants Mountain Premier Cleaning Services, LLC and Adriana Santa Ana jointly move for approval of their proposed Class Action Settlement Agreement. Defendant Telluride Resort Partners, LLC is not a party to the Proposed Settlement Agreement,

parties provide this joint memorandum to update the Court following their completion of the notice, exclusion and objection process. ECF#64 pg. 2 ¶7.[2] For the reasons set forth below and in the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement (ECF# 61), the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and Class Representatives identified in ECF#64 pg. 2 ¶¶ 5-6, (3) granting final approval of the proposed settlement agreement [ECF#61-1], (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

I. **The Notice, Exclusion and Objection Process is Complete.**

The parties timely completed the notice plan the Court Ordered. ECF#64 pg. 2 ¶7. Through the approved Settlement Administrator, the parties distributed the Court's approved notice and exclusion forms [ECF# 61-2] to all members of the class. Ex. 1, Declaration of Class Administrator ¶¶ 4-8. The notices issued were personalized, informing each recipient of their individual gross minimum distribution if they were to participate in this settlement, and the Court were to approve the same. ECF#61-2 pg. 1. The Settlement Administrator completed mail delivery to 41 of the 41 identified class members.[3] Ex. 1, Class Admin. Decl. ¶¶ 4-5. Nineteen

---

nor to this motion. Pursuant to D.C.COLO.LCivR 7.1(a) counsel for the moving parties have conferred with the attorneys for Telluride Resort Partners, LLC regarding this motion and the relief it requests. Telluride Resort Partners, LLC affirmatively states that it takes no position on this motion.

[2] Plaintiffs move separately pursuant to Fed. R. Civ. P. 54(d)(2) for approval of this Agreement's proposed award attorney's fees and costs. Fed. R. Civ. P. 23(h)(1).

[3] While two mailed notices were returned as undeliverable, the Administrator was able to send them to updated addresses. Ex.1, Class Admin. Decl. ¶5.

of the class members also received their notice *via* email. Ex.1, Class Admin. Decl. ¶6. Forty-two class member phone numbers also successfully received notice *via* text message and/or What'sApp messaging.[4] *Id* at ¶7. "Of the 4 methods of notice delivery, there were no class members for whom the notice was unsuccessfully delivered by more than one method." *Id* at ¶8. Notice was successfully delivered to all 41 identified class members, be it through regular mail, email, text message or What'sApp message to their phone number. *Id.* No class member opted-out of the proposed settlement. *Id* at ¶9. No class member objected to the proposed settlement agreement. *Id*.

> II. **The Court Should Grant Final Approval of the Proposed Settlement Agreement.**
>
> > A. **The Proposed Settlement Agreement Satisfies Rule 23(e)(2) Factors.**

"The authority to approve a settlement of a class or derivative action is committed to the sound discretion of the trial court. [The Court of Appeals] will not set aside a class action settlement unless the trial court has abused its discretion." *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

In deciding whether to approve a settlement in a class action, a court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In making this determination the Court must consider whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;

---

[4] Numerous of the 41 identified class members used more than one phone number before, during or after their employment by Mountain Premier Cleaning Services. What'sApp is the most prevalent text messaging app used in Mexico, the home country of all identified class members.

> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). As each of these factors is satisfied here, the Court should grant final approval to the proposed settlement agreement.

The class representatives and class counsel have adequately represented the class in this case. Fed. R. Civ. P. 23(e)(2)(A). As detailed in the parties' motion for preliminary approval [ECF#61 pgs. 4, 7-9] and in the Court's preliminary approval order [ECF#64 ¶ 2], Class Counsel and the class representatives have calculated and obtained adequate and relatively equitable relief for the members of the class. The Settlement Agreement was negotiated by experienced counsel in whose estimation the proposed agreement provides the fullest relief available on the three claims settled against the MPC Defendants. ECF#61-3, Turner Decl. ¶ 21. In this case the class representatives provided extraordinary assistance to the class by filing a second, distinct and successful lawsuit under the Colorado Uniform Fraudulent Transfer Act in order to conserve resources for the satisfaction of liability to the class in this case. *Id* at ¶22.

The proposed Settlement Agreement is not the product of collusion. It was negotiated at arms-length in mediation conducted by Magistrate Judge Hegarty and was informed by extensive review of Defendants' voluminous records. ECF#61-3, Turner Decl. ¶16; Fed. R. Civ. P. 23(e)(2)(B).

The proposed agreement provides adequate relief for the class. Fed. R. Civ. P. 23(e)(2)(C). Here calculations of average annual liability were possible, completed and will be paid. ECF#61

pgs. 7-9. Class Counsel has provided the Court with explanation of the formulae and data sets utilized in support of their assessment. *Id*; ECF#61-3, Turner Decl. ¶¶ 17-19.

The proposed agreement provides for a maximally effective "method of distributing relief to the class" omitting any claims procedure through which class members could default, sending checks by mail to the address of all class members (as none opted-out), and redistributing all funds in any uncashed checks back to those class members who have been reachable, rather than returning them to Defendants. ECF#61-1 pg. 7 ¶7; Fed. R. Civ. P. 23(e)(2)(C)(ii). In the notice phase, residential mailing was effective in reaching all class members. Ex. 1, Class Admin. Decl. ¶4.

The attorney's fee award sought in the proposed settlement agreement is fair and reasonable. Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement would award $100,000.00 of the $400,000.00 total settlement amount to Plaintiffs' counsel as attorney's fees and costs. ECF#61-1, Settlement Agreement pg. 10 ¶12. "The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class." *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.,* Civil Action No. 09–cv–01543–REB– KMT, 2010 WL 5387559, at *5–*6 (D.Colo. Dec. 22, 2010)(citing*, inter alia, Vaszlavik v. Storage Technology Corp.,* Case No. 95–B–2525, 2000 WL 1268824, *4 (D.Colo. Mar. 9, 2000) ("requested fee of 30% of the settlement is well within the ordinary range of common fund awards," and "[a] 30% common fund award is in the middle of the ordinary 20%– 50% range and is presumptively reasonable."). In this case, attorney's fees and costs would constitute just 25% of the settlement fund. ECF#61-1, Settlement Agreement pg. 10 ¶12. Class Counsel has submitted detailed billing records supporting his application for attorney's fees

[ECF#61-3, Turner Decl. pgs. 5, 11-17], which will be made on separate motion. Fed. R. Civ. P. 23(h)(1). The proposed agreement provides for payment of attorney's fees and class member recovery alike 21 days after the effective date of the approved settlement agreement. [ECF#61-1 pgs. 15-16]. The relief provided to the class is fair and adequate in light of the "proposed award of attorney's fees, including timing of payment". Fed. R. Civ. P. 23(e)(2)(C)(iii). The proposed Settlement Agreement is the lone agreement between the parties and/or made in connection wth this proposal. ECF#61-1 pg. 21 ¶22; Fed.R.Civ.P. 23(e)(2)(C)(iv); Fed.R.Civ.P. 23(e)(3).

The parties' proposed settlement agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). It would compensate the (1) visa and travel expense, (2) excessive rental deduction and (3) attempted forced labor claims of every class member through a single formula applicable to all class members. [ECF#61-3 ¶¶17-19]. While three of the four class representative plaintiffs will receive additional amounts, those amounts are paid to resolve individual, non-class allegations of significant retaliation those individuals suffered. ECF#61 pgs. 11-12. The proposed Settlement Agreement is fair, reasonable and adequate.

### B. The Proposed Settlement Agreement Satisfies the Tenth Circuit's Supplemental Test of Adequacy.

The Tenth Circuit set forth its four-factor test for evaluating the fairness and adequacy of proposed class settlements in *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). 2018 Amendments to Rule 23(e) introduced the standard analysis above. "The advisory committee noted these new factors were not meant to displace any circuit's unique factors, but rather to focus courts on the core concerns in deciding whether to approve a proposed settlement." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) *citing Chavez Rodriguez v. Hermes*

*Landscaping, Inc.*, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020). "The Tenth Circuit's additional factors largely overlap, with only the fourth factor not being subsumed into the new Rule 23." *Id.*

The fourth of the *Nuclear Pharmacy* factors tests "the judgment of the parties that the settlement is fair and reasonable." 741 F.2d at 324. Here, the Plaintiff Class is represented by experienced counsel. ECF#61-3 at ¶¶ 6-10. Class Counsel "do[es] not believe the class members would be likely to recover as completely on the three claims settled against the MPC Defendants, if they should proceed to trial." *Id* at ¶20. *See also, Albu v. Delta Mech. Inc.*, No. 13-cv-03087-PAB-KMT, 2015 U.S. Dist. LEXIS 95485, at *9 (D. Colo. June 30, 2015) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354) (noting that settlement agreements negotiated at arm's-length by experienced counsel are entitled to "a presumption of fairness"). In deciding this factor, "[t]he Court may also consider the fact that no objections were filed by any class members." *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *3 (D. Colo. Apr. 13, 2021) citing *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990). It is the judgment of the parties and of the class members, who did not object, that the proposed settlement agreement is fair, reasonable and adequate.

### III. Conclusion

Following the conduct of the final fairness hearing scheduled for September 18, 2024, the Court should grant this motion and enter an Order (1) granting final certification of the conditionally certified settlement class, (2) finalizing the appointment of Class Counsel and Class Representative identified in ECF#64 at ¶¶ 5-6, (3) granting final approval of the proposed

settlement agreement [ECF#61-1], (4) Ordering the parties to comply with the terms of that settlement agreement, and (5) dismissing this action with prejudice.

Respectfully submitted,

*/s/ Andrew H. Turner*
Andrew H. Turner
MILSTEIN TURNER, PLLC
1490 Lafayette Street, Ste. 304
Denver, Colorado 80218
andrew@milsteinturner.com
Tel: 303-305-8230

Alexander N. Hood
David Seligman
TOWARDS JUSTICE
303 E 17TH AVE
Denver, CO 80203
720-441-2236
Alex@towardsjustice.org
David@towardsjustice.org

*Counsel for Plaintiffs*

*/s/ John K. Crisham*
John K. Crisham, #49841
CRISHAM & HOLMAN LLC
2549 West Main Street, Suite 202
Littleton, Colorado 80120
john@crishamholman.com
Tel: (720) 739-2176

Peter A. Ricciardelli, #7442
LAW OFFICE OF PETER A. RICCIARDELLI, P.C.
126 W. Colorado Avenue, #206
P.O. Box 32
Telluride, Colorado 81435
peter@tridelaw.com
Tel: (970) 728-3808

*Counsel for MPC Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on Defendants by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record *via* e-mail.

This 21st day of August, 2024.

*/s/ Andrew H. Turner*
Counsel for Plaintiffs